IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IGNITE USA, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No.: 14-cv-856 |
| | ) | |
| v. | ) | Judge |
| | ) | |
| PACIFIC MARKET INTERNATIONAL, LLC, | ) | |
| and ALADDIN INDUSTRIES, LLC, | ) | Magistrate Judge |
| | ) | |
| Defendants. | ) | **Jury Trial Demanded** |

## COMPLAINT

Plaintiff, Ignite USA, LLC, for its Complaint against Defendants, Pacific Market International, LLC and Aladdin Industries, LLC, alleges as follows:

## NATURE OF ACTION

1. This is an action for patent infringement of U.S. Patent No. 7,997,442, as provided for under Title 35, United States Code §§ 271 *et seq.*

## PARTIES

2. Plaintiff, Ignite USA, LLC (hereinafter referred to as "Ignite"), is an Illinois limited liability company, having a principal place of business at 954 West Washington Blvd, MC 37, Chicago, 60607. Ignite is engaged, *inter alia*, in the business of designing, developing, manufacturing and selling drinking containers.

3.     On information and belief, Defendant, Pacific Market International, LLC (hereinafter referred to as "PMI"), is a Washington limited liability company, having a principal place of business at 2401 Elliott Ave, 4th Floor, Seattle, Washington 98121.

4.     On information and belief, Defendant, Aladdin Industries, LLC (hereinafter referred to as "Aladdin"), is a Delaware limited liability company, having a principal place of business at 6679 Holt Road, Nashville, Tennessee 37211.  On information and belief, Aladdin is a wholly owned subsidiary of PMI.

## JURISDICTION AND VENUE

5.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338 and 35 U.S.C. § 281 for claims arising under 35 U.S.C. §§ 1 *et seq.*, the Patent Laws of the United States.

6.     This Court has personal jurisdiction over Defendants because Defendants have purposely availed themselves of the laws of the State of Illinois and this judicial district, as described in paragraphs 8-10 below, which are incorporated by reference herein. Personal jurisdiction is proper here because Defendants have sufficient minimum contacts with Illinois such that the maintenance of this suit does not offend traditional notions of fair play and substantial justice.  Personal jurisdiction over Defendants is further vested in this Court under the provisions of one or more sections of the Illinois Compiled Statutes, 735 ILCS §§ 5/2-201 through 5/2-213.

7.     Venue lies in this Court pursuant to 28 U.S.C. § 1391.

## RELEVANT FACTS

8. Ignite develops, manufacturers, markets, and sells specialty drinking containers, such as its "West Loop," "Aria," "Astor," and "Sport" products.

9. Defendants manufacture, market, offer for sale and/or sell drinking containers, including, for example, drinking containers under the "Aladdin®" and "Stanley®" brand names and bearing names and/or labels: "Perfect Vacuum Insulated Mug," "Press-to-Sip Insulated Mug," and "Nineteen13 One-Hand Vacuum Mug" (the "Representative Drinking Containers"), in the United States, the State of Illinois and this judicial district, including though their websites (http://www.shopaladdin-pmi.com and http://www.shopstanley-pmi.com), and through online retailers, for example, Amazon.com (http://www.amazon.com).

10. On information and belief, Defendants also offer for sale, sell and/or otherwise distribute products through various retailers that operate in Illinois and in this judicial district, including, for example, Ace Hardware, Kmart, CVS, Crate and Barrel, Wal-Mart, Rite Aid, Meijer Inc. and Target.

## COUNT I
## PATENT INFRINGEMENT (U.S. PAT. NO. 7,997,442)

11. Ignite hereby charges Defendants with infringement of U.S. Patent No. 7,997,442 in violation of Title 35, United States Code §§ 271 *et seq.*, and realleges by reference Paragraphs 1-10 above.

12. U.S. Patent No. 7,997,442 entitled "TRAVEL CONTAINER HAVING DRINKING ORIFICE AND VENT APERTURE" ("the '442 patent") issued on August 16,

2011. The '442 patent is still in full force and effect and is presumed valid under the Patent Laws of the United States. A true and accurate copy of the '442 patent is attached as EXHIBIT A.

13. Ignite is the sole owner, by assignment, of the entire right, title and interest in and to the '442 patent.

14. Defendants have been and still are directly infringing and/or inducing the infringement of claims 16-19 of the '442 patent, either literally or under the doctrine of equivalents, by at least making, using, selling, offering for sale and/or importing for sale in the United States, without license or authority, products covered by the '442 patent, including, for example, the Representative Drinking Containers.

15. Ignite has provided actual notice to Defendants of Defendants' infringement of the '442 patent, and Defendants have continued to infringe the '442 patent.

16. Upon information and belief, Defendants' actions complained of herein will continue unless enjoined by this Court.

17. Ignite has been damaged and irreparably harmed by Defendants' infringement of the '442 patent in an amount as yet undetermined, and will continue to be damaged and irreparably harmed by such activities unless Defendants' infringing activities are enjoined by this Court.

18. On information and belief, Defendants' infringement of the '442 patent has been willful, deliberate and intentional.

19. This infringement action is an exceptional case under 35 U.S.C. § 285, and as such Ignite is entitled to an award of reasonable attorney's fees.

20. Ignite has placed the required statutory notice on all its containers embodying the patented invention and sold by it under the '442 patent and has complied in all respects with 35 U.S.C. § 287.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Ignite USA, LLC prays for the following relief:

1. Judgment that Defendants are liable for infringement of the '442 patent.

2. An award of damages to Ignite due to infringement of the '442 patent, pursuant to 35 U.S.C. § 271, including pre-judgment and post-judgment interest, pursuant to 35 U.S.C. §284.

3. An award of treble damages against Defendants due to their deliberate and willful patent infringement of the '442 patent, pursuant to 35. U.S.C. §284.

4. That Defendants and their officers, agents, servants, employees, attorneys, and all other persons in active concert and/or participation with them who receive notice, be permanently enjoined and restrained from further infringing the '442 patent, during the remaining term thereof, pursuant to 35 U.S.C. §283.

5. An order impounding and destroying all of Defendants' products that infringe the '442 patent.

6. That Defendants be directed to file in Court, and to serve on Ignite, within thirty (30) days after entry of the above injunction, a report in writing, under oath, setting forth in detail the manner and form in which it has complied with the injunction.

      7.      A finding that this case is exceptional pursuant to 35 U.S.C. §285, and awarding Ignite its costs, disbursements, and attorney fees for this action.

      8.      That this Court award such other and further relief to Ignite as the Court deems just.

## **JURY DEMAND**

Ignite requests a trial by jury.

                                                          Respectfully submitted,

                                                          IGNITE USA, LLC

Dated: February 7, 2014            By:     s/ Joseph H. Paquin, Jr.

                                                          Joseph H. Paquin, Jr. (Bar. No. 6195019)
                                                          Ryan N. Phelan (Bar. No. 6302750)
                                                          MCDERMOTT WILL & EMERY LLP
                                                          227 West Monroe Street
                                                          Chicago , IL 60606-5096
                                                          (312)-372-2000

                                                          *Counsel for Ignite USA, LLC*

DM_US 49480157-2.077154.0117