IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IGNITE USA, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No.: 14-cv-00856 |
| | ) | |
| v. | ) | Judge James F. Holderman |
| | ) | |
| PACIFIC MARKET INTERNATIONAL, | ) | |
| LLC, and ALADDIN INDUSTRIES, LLC; | ) | |
| | ) | |
| Defendants. | ) | JURY TRIAL DEMANDED |

DEFENDANT PACIFIC MARKET INTERNATIONAL, LLC'S
MEMORANDUM OF LAW IN SUPPORT OF MOTION TO STAY
PENDING *INTER PARTES* REVIEW OF U.S. PATENT NO. 7,997,442

I. INTRODUCTION

Defendant Pacific Market International, LLC ("PMI" or "Defendant") respectfully moves the Court to stay this case pending a final written decision on PMI's petition for *inter partes* review challenging the validity of U.S. Patent No. 7,997,442 ("the '442 Patent") filed with the United States Patent and Trademark Office (the "USPTO") on April 1, 2014. *See* Petition for *Inter Partes* Review, attached as Exhibit 1 to Declaration of Heather J. Hubbard ("Hubbard Dec."). An *inter partes* review is an administrative proceeding conducted by the USPTO that will determine the validity and scope of the patent. *See* 35 U.S.C. §§ 301-319, *et seq*. The petition demonstrates that every asserted claim of the '442 Patent is invalid as obvious in view of prior art that was either not properly considered or not considered at all by the USPTO during prosecution.

The '442 Patent is drawn to a feature on a travel mug that permits the user to push down a button, triggering a mechanism that operates as both a shutter for a drinking orifice and also a seal for a vent opening. *See* Complaint, Exhibit A (Dkt. 1). PMI believes that the technology claimed in the '442 Patent is not patentable subject matter because the technology already

existed at the time the application that matured into the '442 Patent was filed. As this lawsuit involves only one cause of action - infringement of claims 16-19 of the '442 Patent - the litigation will be significantly simplified if it is stayed until the USPTO issues a final decision on validity of the '442 Patent.

Staying this litigation will either eliminate the need for trial by invalidating the '442 Patent or simplify the remaining issues for trial. In the event that the claims are invalidated, the litigation will not proceed. If any of claims 16-19 remain or are amended, the Court and the parties will have the benefit of the USPTO's expertise and its interpretation of the prior art. Allowing for this process to be completed while staying litigation will conserve the parties' and the Court's resources by allowing the parties to postpone discovery related to patent claims that may be invalidated or amended as a result of the *inter partes* review. In the unlikely event that an *inter partes* review is not granted or the validity of the claims is affirmed, this still would simplify the issues before this Court, as PMI would be estopped from raising in this Court the same prior art raised or that reasonably could have been raised in the *inter partes* review. 35 U.S.C. §§ 315(e)(2), 318(a).

The *inter partes* review should be concluded within eighteen months and, because this litigation is in its earliest stages, such delay will not unduly prejudice or tactically disadvantage Plaintiff Ignite USA, LLC ("Ignite"). It is inefficient for the parties to expend resources litigating issues that may become moot before the USPTO determines whether any claims will survive. It is equally inefficient to expend valuable judicial resources conducting claim construction and deciding invalidity issues that may be determined by the USPTO proceeding. For these reasons and as set forth below, PMI respectfully requests that this litigation be stayed.

## II. BACKGROUND

### A. Little Has Occurred in this Litigation

This case is in its very initial stage. Ignite filed this lawsuit on February 7, 2014, and served PMI on February 25, 2014. Pursuant to unopposed motions for extension granted by the Court, PMI filed its answer on April 4, 2014 denying the allegations. The scheduling conference

in this case has not been set, and, accordingly, no scheduling order is in place at this time. The parties have not begun to confer about a joint scheduling report and no discovery has begun. *See* Hubbard Dec., ¶ 5. Initial disclosures have not been exchanged, nor have initial infringement, non-infringement, unenforceability or invalidity contentions been served. No trial date has been set.

> **B.** **The *Inter Partes* Review Process Will Resolve Invalidity Disputes More Quickly and More Efficiency Than the Former Reexamination Process**

The new *inter partes* review process was established to create "a more efficient and streamlined patent system that will improve patent quality and limit unnecessary and counterproductive litigation costs." 77 Fed. Reg. 48,680 (Aug. 14, 2012). The new *inter partes* review process allows for limited discovery and an oral hearing. *See* 35 U.S.C. §§ 311(b), 316(a); 37 C.F.R. §§ 42.51, 42.53. Once the USPTO issues a final written decision, the petitioner is estopped from asserting in litigation that any reviewed claim "is invalid on any ground that the petitioner raised or reasonably could have raised during that *inter partes* review." 35 U.S.C. §§ 315(e)(2), 318(a). Accordingly, estoppel extending beyond the prior art raised in the petition will significantly simplify litigation in this Court.

The USPTO must decide whether to institute an *inter partes* review within six months after the petition is filed. 35 U.S.C. § 314(b). It will institute a proceeding if the petitioner shows a reasonable likelihood of prevailing on at least one challenged claim. 35 U.S.C. § 314(a). If an *inter partes* review is instituted, the USPTO must issue a final determination within one year or, eighteen months on a showing of good cause. 35 U.S.C. § 316(a)(11). USPTO statistics indicate that 82% of petitions for *inter partes* review have been instituted since the process was introduced in September 2012. *See* Hubbard Dec, Ex. 2.

3

In contrast to the former *inter partes* reexamination process, which involved a single patent examiner, the new *inter partes* review process is adjudicated by a three-judge panel of the Patent Trial and Appeal Board. This is expected to result in even more well-reasoned decisions that resolve many patent invalidity disputes that otherwise would be litigated in district courts. It is also expected that *inter partes* review decisions likely will produce results that are similar to the former *inter partes* reexamination process, in which claims were amended or cancelled in 92% of cases. *See* Hubbard Dec., Ex. 3.

### C. PMI's *Inter Partes* Review Petition Attacks Every Asserted Claim of the '442 Patent

PMI's petition presents five prior art references and six proposed grounds for rejection, addressing all 19 claims of the '442 Patent including the four claims asserted by Ignite in its Complaint (i.e., claims 16-19). A high likelihood exists that the references present in PMI's petition will invalidate all of the asserted claims of the '442 Patent. The '442 patent is directed to a feature on a travel mug that permits the user to push down a button, triggering a mechanism that operates as both a shutter for a drinking orifice and also a seal for a vent opening. This preventing technology was known and had been disclosed by patents upon which PMI's petition is based about three decades before Plaintiff's earliest priority date for the claimed subject matter of the '442 Patent. Accordingly, PMI's petition indicates that the asserted claims of the '442 Patent are invalid.

### III. ARGUMENT

#### A. All Three Factors That Courts Consider When Weighing a Stay Favor Staying Litigation Pending the *Inter Partes* Review

This Court has the authority to stay, at its discretion, an action pending review by the USPTO. *Black & Decker Inc. v. Positec USA, Inc.*, No. 13 C 3075, 2013 U.S. Dist. LEXIS 153795, *3 (N.D. Ill. Oct. 1, 2013) (granting motion to stay pending *inter partes* review) (citing *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1427 (Fed. Cir. 1988)). The factors in determining

4

whether to grant a stay pending *inter partes* review are the same factors to determine whether to grant a stay pending patent reexamination. *Regents of Univ. of Michigan v. St. Jude Med., Inc.*, No. 12-12908, 2013 U.S. Dist. LEXIS 76845, *5 (E.D. Ill. May 31, 2013) (granting stay pending *inter partes* review). These factors are whether a stay will: (1) unduly prejudice or tactically disadvantage the non-moving party; (2) simplify the issues in question and streamline the trial; and (3) reduce the burden of litigation on the parties and on the court. *Black & Decker Inc.*, 2013 U.S. Dist. LEXIS at *3.

### 1. Ignite will not be unduly prejudiced or tactically disadvantaged by a stay of this case pending *inter partes* review of the asserted patent

Ignite will not be prejudiced or disadvantaged by a stay of this case because the case is in its earliest stages.

Delay in itself does not constitute undue prejudice. *Black & Decker Inc.*, 2013 U.S. Dist. LEXIS at *6. The fact that PMI is seeking a stay at the earliest stage of litigation before any discovery has been conducted or any scheduling dates have been set reduces any tactical disadvantage that Ignite could plausibly face. *Round Rock Research LLC v. Dole Food Co., Inc.*, No. 11-1239-RGA, 2012 U.S. Dist. LEXIS 49106 (D. Del. Apr. 6, 2012) (concluding that there is "little tactical disadvantage," if any, associated with granting a stay early in the discovery period). PMI promptly petitioned for *inter partes* review and sought a stay in this matter well in advance of the one year statutory deadline and the deadline contained in Local Patent Rule 3.5, requiring that a motion to stay be filed in advance of the due date for service of Final Non-infringement, Enforceability and Validity Contentions. *See* 35 U.S.C. § 315(b); L.P.R. 3.5.

The delay inherent in a USPTO determination of patent invalidity is not prejudicial. *See, e.g., Sorensen v. Black & Decker Corp.*, No. 06cv1572BTM, 2007 U.S. Dist. LEXIS 66712 (S.D. Cal. Sept. 10, 2007) ("The general prejudice of having to wait for resolution is not a

5

persuasive reason to deny the motion for stay."). Additionally, Ignite's own delay in waiting two and a half years to file suit after the issuance if the '442 Patent is further evidence that it will not suffer prejudice from a stay. *Visual Interactive Phone Concepts, Inc. v. Samsung Telecom. America, LLC*, No. 11-12945, 2012 U.S. Dist. LEXIS 42857, *9-*10 (E.D. Mich. March 28, 2012) (holding that plaintiff's one-year delay in filing suit supported a finding that a stay would not be unduly prejudicial).

### 2. A stay will simplify the issues in this case and streamline the trial

A stay is justified in this case because the USPTO's review of the '442 Patent is likely to eliminate or streamline key invalidity issues. *Black & Decker Inc.*, 2013 U.S. Dist. LEXIS at *4. Every claim in this case depends on the validity of the '442 Patent. There is an 82% likelihood that the USPTO will institute a trial and a 92% likelihood that one or more claims of the '442 Patent will be amended or cancelled. *See* Hubbard Dec., Ex. 2-3. Accordingly, given the likelihood that at least some of the claims will be amended or cancelled, the issues in this case will be streamlined by allowing the USPTO to first review the patent before the parties begin litigating claims that may not be valid or may later be amended.

Even in the unlikely event that the USPTO does not grant the petition or finds the asserted claims to be valid, "that too would simplify the remaining issues and might encourage settlement," *Black & Decker Inc.*, 2013 U.S. Dist. LEXIS at *4, because PMI will be estopped from arguing to this Court that the patent claims are invalid based on prior art that was raised or reasonably could have raised during the *inter partes* review. 35 U.S.C. §§ 315(e)(2), 318(a).

### 3. A stay will reduce the burden of litigation on the parties and the Court

If the USPTO cancels all or some of the asserted claims, then the issue of infringement of those claims will no longer exist. *Emhart Indus., Inc. v. Sankyo Seiki Mfg. Co.*, 3 U.S.P.Q.2d

1889 (N.D. Ill. 1987) (granting stay pending reexamination). If the USPTO narrows any claim to overcome the prior art, the scope of the claims at issue will be different than now exists. *Id.* Thus, it is highly likely that a stay will simplify the issues in the case. Without a stay, there is a substantial risk that the parties and the Court will expend time and resources unnecessarily because the USPTO may declare all claims invalid or the parties will engage in a wider scope of discovery than is necessary if some of the claims are narrowed or cancelled. *Id.*

Unless a stay is issued, there will be two simultaneous proceedings addressing the validity of the '442 patent. This would result in the parties conducting costly and time-consuming discovery and the Court expending judicial resources on claim construction, to evaluate and rule on dispositive motions and to conduct a trial. There is a risk that all of this work will be deemed unnecessary if the USPTO rules that all or some of the patent claims are invalid or requires narrowing of the claims, which is likely to occur. Therefore, this factor weights in favor of granting a stay.

### B. A Stay is Appropriate Even Though the USPTO Has Not Yet Initiated the *Inter Partes* Review

A stay of patent litigation pending *inter partes* review is appropriate even when the review has not yet been initiated by the USPTO. *See, e.g., See Black & Decker Inc.*, 2013 U.S. Dist. LEXIS at *6 (granting motion to stay before *inter partes* review initiated); *Neste il Oyj v. Dynamic Fuels, LLC,* No. 12-1744-GMS, 2013 U.S. Dist. LEXIS 92416 (D. Del. July 2, 2013) (same). The USPTO will determine whether to institute the proceeding no later than October 1, 2014, six months from the filing date of the petition. 35 U.S.C. § 314(b). Thus, if the proceeding is not instituted, the case will have been delayed by no more than six months. *See Black & Decker Inc.*, 2013 U.S. Dist. LEXIS at *6 (calling the delay in waiting for the decision of whether to grant *inter partes* review "fairly short").

## IV.     CONCLUSION

As set forth above, the USPTO's review of the '442 Patent will likely eliminate or simplify this action. A stay will avoid unnecessary expenditures of time and money litigating issues that may become moot. Because the litigation is in its earliest stages, a stay will not prejudice Ignite and will significantly reduce the risk of wasting judicial resources as well as the resources of the parties. Therefore, PMI asks the Court to stay this action until the USPTO issues a final written decision on PMI's petition for *inter partes* review challenging the validity of U.S. Patent No. 7,997,442.

Respectfully submitted,

*s/* Heather J. Hubbard
Heather J. Hubbard (Admitted Pro Hac Vice)
Laura P. Merritt (Admitted Pro Hac Vice)
Mark M. Bell (Admitted Pro Hac Vice)
WALLER LANSDEN DORTCH & DAVIS, LLP
511 Union Street, Suite 2700
Nashville, Tennessee 37219
Phone: (615) 244-6380
Fax: (615) 244-6804

Michael R. Levinson
Matthew A. Werber
SEYFARTH SHAW LLP
131 South Dearborn Street
Suite 2400
Chicago, Illinois 60654
Phone: 312-460-5868

*Attorneys for Pacific Market International, LLC*

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing Memorandum of Law has been served through the Court's CM/ECF system, upon:

Joseph H. Paquin, Jr., Esq.
Ryan N. Phelan, Esq.
MCDERMOTT WILL & EMERY LLP
227 West Monroe Street
Chicago, Illinois 60606-5096

on this 4th day of April, 2014.

                                            s/ Heather J. Hubbard

11662267