**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Ignite USA, LLC v. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 14 C 856 |
| | ) | Judge James F. Holderman |
| Pacific Market International LLC | ) | |
| Defendant. | ) | |

**ESI PROTOCOL CASE
MANAGEMENT ORDER**

**MANAGEMENT OF ATTORNEY-CLIENT
PRIVILEGE & WORK PRODUCT PROTECTION**

This court is participating in the Pilot Program initiated by the Seventh Circuit Electronic Discovery Committee, which is intended to better promote the "just, speedy, and inexpensive determination" of this action, pursuant to Federal Rule of Civil Procedure 1. In furtherance of Rule 1 and the Pilot Program, it is hereby ordered as follows:

**1. ALTERNATIVE PRIVILEGE LOGGING PROTOCOL**

**1.1  Asserting Privilege or Protection.**  A party who withholds ESI or documents on the grounds of attorney-client privilege and/or work product protection shall provide:

(a)  a listing of such ESI and documents in electronic spreadsheet format providing as much objective metadata as is reasonably available (e.g., document control number, date, author(s), recipient(s), file type, etc.) and an indication of the privilege and/or protection being asserted; and

(b)  a description of any categories of ESI and documents that the withholding party asserts are privileged or protected and the reasons for asserting that individual review of the category is not worth the time and/or expense necessary to do so.

"Objective metadata" does not include substantive content from, or a subjective description of the document or ESI being withheld.

**1.2** **Challenging Asserted Privilege and Protection.** If a party challenges an assertion of privilege or protection from discovery then the parties shall meet and confer and make a good faith effort to cooperatively classify the challenged documents and ESI into categories that are subject to common factual and legal issues in so far as practicable. Thereafter, the parties shall jointly request a conference with the Court to devise a plan for resolving the challenges, which normally will include:

(a) a schedule for briefing the legal issues relevant to each category;

(b) a ruling date for issues that can be resolved on the briefs alone; and

(c) a schedule for providing representative samples for the Court's review *in camera* with respect to any categories that cannot be resolved on the briefs; and

(d) a schedule for the parties to meet and confer to attempt in good faith to apply the Court's rulings on the samples to whole categories or within categories insofar as possible; and

(e) a schedule for repeating this process as needed.

### 2. NON-WAIVER AND CLAW BACK PROTOCOL (FRE 502(d))

**2.1** **Non-Waiver By Production.** Production of documents and ESI in this case shall be without prejudice to and shall not waive, for purposes of this case or otherwise, any attorney-client privilege or work product protection that otherwise would apply.

**2.2** **Time For Asserting Privilege And Protection.** A producing party may assert privilege or protection over produced documents and ESI at any time by notifying the receiving party(ies) in writing of the assertion of privilege or protection, except that:

(a) Affirmative use of ESI or a document by the producing party in the case waives privilege and protection with respect to it, and of other ESI and documents to the extent provided by Federal Rules of Evidence, Rule 502(a); and

(b) Upon use in the case by another of ESI or a document that was produced by a party, that producing party must promptly assert any claimed privilege and/or protection over it and request return or destruction thereof.

**2.3** **Disputing Claims of Privilege/Protection Over Produced Documents.** Upon

80485690

receipt of notice of the assertion of privilege or protection over produced documents or ESI, the receiving party shall:

    (a)    to whatever extent it contests the assertion of privilege or protection, promptly so notify the producing party, and maintain the contested documents and ESI in confidence pending resolution of the contest by the Court; and

    (b)    to whatever extent the receiving party does not contest the assertion of privilege or protection, promptly certify in writing to the producing party that it has returned or destroyed the applicable document(s) and/or ESI, and has made reasonably diligent efforts to identify and destroy each copy thereof and all information derived therefrom (normally reasonable diligence will not include disaster recovery media).

In the event of a contested assertion of privilege or protection over produced documents that cannot be resolved amicably after meeting and conferring in good faith, either party may bring the contest to the attention of the Court by motion.

        ENTERED:

4/7/14

        _James F. Holderman_ (signature)
        James F. Holderman
        United States District Judge

80485690