IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IGNITE USA, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>PACIFIC MARKET INTERNATIONAL, LLC<br><br>    Defendant. | Civil Action No. 14-cv-856<br><br>Judge Edmund Chang<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANT PACIFIC MARKET INTERNATIONAL, LLC'S
ANSWER TO THE FIRST AMENDED COMPLAINT
AND COUNTERCLAIMS FOR DECLARATORY JUDGMENT**

Defendant Pacific Market International, LLC, ("PMI") denies any and all liability and answers the First Amended Complaint of Plaintiff Ignite USA, LLC ("Ignite") as follows:

**NATURE OF ACTION**

**COMPLAINT ¶1:**

This is an action for patent infringement of U.S. Patent No. 7,997,442, as provided for under Title 35, United States Code §§ 271 *et seq.*

**ANSWER:**

PMI admits that the Complaint purports to be an action for patent infringement. PMI denies that it has infringed any patent or that it is liable to Ignite.

**PARTIES**

**COMPLAINT ¶2:**

Plaintiff, Ignite USA, LLC (hereinafter referred to as "Ignite"), is an Illinois limited liability company, having a principal place of business at 180 North LaSalle Street, Suite 700, Chicago, Illinois 60601. Ignite is engaged, *inter alia*, in the business of designing, developing, manufacturing and selling drinking containers.

26294811v.2

**ANSWER:**

PMI lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 2 and on that basis denies the same.

**COMPLAINT ¶3:**

On information and belief, Defendant, Pacific Market International, LLC (hereinafter referred to as "PMI"), is a Washington limited liability company, having a principal place of business at 2401 Elliott Ave, 4th Floor, Seattle, Washington 98121.

**ANSWER:**

PMI admits the allegations of Paragraph 3.

## JURISDICTION AND VENUE

**COMPLAINT ¶4:**

This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338 and 35 U.S.C. § 281 for claims arising under 35 U.S.C. §§ 1 *et seq.*, the Patent Laws of the United States.

**ANSWER:**

PMI admits that this Court has subject matter jurisdiction.

**COMPLAINT ¶5:**

This Court has personal jurisdiction over Defendant because Defendant has purposely availed itself of the laws of the State of Illinois and this judicial district, as described in paragraphs 8-10 below, which are incorporated by reference herein. Personal jurisdiction is proper here because Defendant has sufficient minimum contacts with Illinois such that the maintenance of this suit does not offend traditional notions of fair play and substantial justice. Personal jurisdiction over Defendant is further vested in this Court under the provisions of one or more sections of the Illinois Compiled Statutes, 735 ILCS §§ 5/2-201 through 5/2-213.

**ANSWER:**

PMI admits this Court has personal jurisdiction of it in this action. Except as so admitted, PMI denies the remaining allegations of Paragraph 6 of the Complaint.

**COMPLAINT ¶6:**

Venue lies in this Court pursuant to 28 U.S.C. § 1391.

**ANSWER:**

PMI does not challenge venue in the Northern District of Illinois, even though PMI's principal of business is in the Western District of Washington.

## RELEVANT FACTS

**COMPLAINT ¶7:**

Ignite develops, manufacturers, markets, and sells specialty drinking containers, such as its "West Loop," "Aria," "Astor," and "Sport" products.

**ANSWER:**

PMI lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 7 and on that basis denies the same.

**COMPLAINT ¶8:**

Defendant manufactures, markets, offers for sale and/or sells drinking containers, including, for example, drinking containers under the "Aladdin®" and "Stanley®" brand names and bearing names and/or labels: "Perfect Vacuum Insulated Mug," "Press-to-Sip Insulated Mug," "Flip & Sip," and "Nineteen13 One-Hand Vacuum Mug" (the "Representative Drinking Containers"), in the United States, the State of Illinois and this judicial district, including though their websites (http://www.shopaladdin-pmi.com and http://www.shopstanley-pmi.com), and through online retailers, for example, Amazon.com (http://www.amazon.com).

**ANSWER:**

PMI admits the allegations of Paragraph 8.

**COMPLAINT ¶9:**

On information and belief, Defendant also offers for sale, sells and/or otherwise distributes products through various retailers that operate in Illinois and in this judicial district, including, for example, Ace Hardware, Kmart, CVS, Crate and Barrel, Wal-Mart, Rite Aid, Meijer Inc., Costco and Target.

**ANSWER:**

PMI admits the allegations of Paragraph 9.

## COUNT I
## PATENT INFRINGEMENT (U.S. PAT. NO. 7,997,442)

**COMPLAINT ¶10:**

Ignite hereby charges Defendant with infringement of U.S. Patent No. 7,997,442 in violation of Title 35, United States Code §§ 271 *et seq.*, and realleges by reference Paragraphs 1-9 above.

**ANSWER:**

PMI admits the First Amended Complaint purports to "charge" Defendants with infringement of U.S. Patent No. 7,997,442 (the "442 patent"), but denies that has infringed any patents or that it has any liability to Ignite. PMI incorporates each of its responses to Paragraphs 1-9 as if fully set forth herein.

**COMPLAINT ¶11:**

U.S. Patent No. 7,997,442 entitled "TRAVEL CONTAINER HAVING DRINKING ORIFICE AND VENT APERTURE" ("the '442 patent") issued on August 16, 2011. A true and accurate copy of the '442 patent is attached as EXHIBIT A.

**ANSWER:**

PMI admits that Exhibit A to the First Amended Complaint purports to be a copy of the '442 patent. PMI denies that the '442 patent is valid.

**COMPLAINT ¶12:**

The '442 patent is still in full force and effect. The '442 patent includes certain claims that are presumed valid under the Patent Laws of the United States.

**ANSWER:**

The allegations of this paragraph are legal conclusions which PMI denies. PMI also denies that the claims of the '442 patent are valid.

**COMPLAINT ¶13:**

More particularly, on or about April 1, 2014, Defendant filed with the United States Patent and Trademark Office ("USPTO") a Petition for *inter partes* review challenging the validity of all claims of the '442 patent. In a September 30, 2014 Decision, the USPTO refused

4

to initiate *inter partes* review of all claims of the '442 patent. Specifically, the USPTO did not grant Defendant's petition as to Claims 3, 11, 12 and 13 of the '442 patent.

**ANSWER:**

PMI admits that, on or about April 1, 2014, PMI filed with the United States Patent and Trademark Office ("USPTO") a Petition for *inter partes* review challenging the validity of all claims of the '442 patent on the limited grounds that the claims lacked novelty and/or would have been obvious over certain limited printed prior art. PMI admits that, in a September 30, 2014 Decision, the USPTO did not initiate an *inter partes* review as to Claims 3, 11, 12 and 13 of the '442 patent. PMI denies the remaining allegations in this paragraph.

**COMPLAINT ¶14:**

Ignite is the sole owner, by assignment, of the entire right, title and interest in and to the '442 patent.

**ANSWER:**

PMI lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 14 and on that basis denies the same.

**COMPLAINT ¶15:**

Defendant has been and still is directly infringing and/or inducing the infringement of at least claims 3 and/or 12 of the '442 patent, either literally or under the doctrine of equivalents, by at least making, using, selling, offering for sale and/or importing for sale in the United States, without license or authority, products covered by the '442 patent, including, for example, the Representative Drinking Containers.

**ANSWER:**

PMI denies the allegations of this paragraph.

**COMPLAINT ¶16:**

Ignite has provided actual notice to Defendant of Defendant's infringement of the '442 patent, and Defendant has continued to infringe the '442 patent.

26294811v.2

**ANSWER:**

PMI admits that Ignite provided it a courtesy copy of the Original Complaint a few days prior to filing same with the Court, but denies that Ignite has valid and enforceable rights in the '442 patent and further denies that PMI ever infringed the '442 patent. PMI denies all other allegations of this paragraph.

**COMPLAINT ¶17:**

Upon information and belief, Defendant's actions complained of herein will continue unless enjoined by this Court.

**ANSWER:**

PMI denies that it has infringed the '442 patent and further denies that Ignite is entitled to any injunctive relief. PMI denies all other allegations of this paragraph.

**COMPLAINT ¶18:**

Ignite has been damaged and irreparably harmed by Defendant infringement of the '442 patent in an amount as yet undetermined, and will continue to be damaged and irreparably harmed by such activities unless Defendant's infringing activities are enjoined by this Court.

**ANSWER:**

PMI denies the allegations of this paragraph.

**COMPLAINT ¶19:**

On information and belief, Defendant's infringement of the '442 patent has been willful, deliberate and intentional.

**ANSWER:**

PMI denies the allegations of this paragraph.

**COMPLAINT ¶20:**

This infringement action is an exceptional case under 35 U.S.C. § 285, and as such Ignite is entitled to an award of reasonable attorney's fees.

**ANSWER:**

PMI denies the allegations of this paragraph.

26294811v.2

**COMPLAINT ¶21:**

Ignite has placed the required statutory notice on all its containers embodying the patented invention and sold by it under the '442 patent and has complied in all respects with 35 U.S.C. § 287.

**ANSWER:**

PMI lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 21 and on that basis denies the same.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Ignite USA, LLC prays for the following relief:

1.  Judgment that Defendant is liable for infringement of the '442 patent.

2.  An award of damages to Ignite due to infringement of the '442 patent, pursuant to 35 U.S.C. § 271, including pre-judgment and post-judgment interest, pursuant to 35 U.S.C. § 284.

3.  An award of treble damages against Defendant due to its deliberate and willful patent infringement of the '442 patent, pursuant to 35 U.S.C. § 284.

4.  That Defendant and its officers, agents, servants, employees, attorneys, and all other persons in active concert and/or participation with them who receive notice, be permanently enjoined and restrained from further infringing the '442 patent, during the remaining term thereof, pursuant to 35 U.S.C. § 283.

5.  An order impounding and destroying all of Defendant's products that infringe the '442 patent.

6.  That Defendant be directed to file in Court, and to serve on Ignite, within thirty (30) days after entry of the above injunction, a report in writing, under oath, setting forth in detail the manner and form in which it has complied with the injunction.

7.  A finding that this case is exceptional pursuant to 35 U.S.C. § 285, and awarding Ignite its costs, disbursements, and attorney fees for this action.

8.  That this Court award such other and further relief to Ignite as the Court deems just.

**ANSWER:**

PMI denies that Ignite is entitled to the relief enumerated in Paragraphs 1 through 8 of Ignite's Prayer in its Complaint or to any other relief.

All allegations not specifically admitted or responded to are denied.

## AFFIRMATIVE DEFENSES

Subject to the responses above, PMI alleges and asserts the following defenses in response to the allegations in the Complaint, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein. In addition to the defenses described below, and subject to its responses above, PMI specifically reserves the right to allege additional affirmative defenses that become known through the course of litigation.

1. The First Amended Complaint fails to state a claim upon which relief may be granted, because among other things, Ignite fails to state facts with sufficient specificity pursuant to *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and the Federal Rules of Civil Procedure.

2. PMI does not infringe and has not infringed (either directly, contributorily, by inducement, jointly, literally or under the doctrine of equivalents or in any other manner) any valid and/or enforceable claim of the '442 patent. Claim 3 of the '442 patent requires, among other things, "a vent chamber between the vent seal and the vent aperture, the vent chamber having a cross-sectional area greater than a cross-sectional area of the vent aperture." Claim 12 of the '442 patent requires, among other things, "a vent chamber between the vent seal and the vent aperture, and wherein the trigger extends partially through the vent chamber." For example, and without limitation of all the reasons that PMI does not infringe claims 3 and 12, PMI does not sell, offer for sale, import into the United States, or use any product having any such vent chamber.

3. The prior art known before the alleged invention of the claimed subject matter of the '442 patent and the disclosures of the '442 patent so limit and restrict the scope of any valid claims of the '442 patent, if any exist, that no product made, used, or sold by PMI can be regarded as infringing such claims. Such prior art includes, for example, and without limitation, Albert (U.S. Patent No. 3,967,748) ("Albert '748"), Nergard (U.S. Patent No. 4,303,173) ("Nergard"), Albert (U.S. Patent No. 4,136,799) ("Albert '799"); and Chaffin (U.S. Patent No. 5,711,452) ("Chaffin").

4. One or more of the claims of the '442 patent is invalid or void for failure to comply with one or more of the conditions for patentability set forth in Part II of Title 35 of the United States Code, including but not limited to, 35 U.S.C. §§ 101, 102, 103, 111-113, and 120. For example, and without limitation, at least the following prior art references disclose or would have rendered obvious the features of at least Claims 3 and 12 of the '442 Patent: Albert '748, Nergard, Albert '799, and Chaffin.

5. The alleged invention, design, discovery or improvement purported to be patented in the '442 patent was known or used by others in the United States of America, its territories or possessions, or patented or described in a printed publication before the alleged invention or discovery thereof by the applicants for the '442 patent. For example, and without limitation, at least the following prior art references disclose the features of at least Claims 3 and 12 of the '442 Patent: Albert '748, Nergard, Albert '799, and Chaffin.

6. PMI alleges that the differences, if any, between the subject matter of the alleged invention, design, discovery or improvement of the '442 patent and the prior art are such that the subject matter as a whole would have been obvious at the time of the alleged invention, discovery or improvement was made to a person having ordinary skill in the art to which the

26294811v.2

subject matter pertains. For example, and without limitation, at least the following prior art references would have rendered obvious the features of at least Claims 3 and 12 of the '442 patent. Albert '748, Nergard, Albert '799 and Chaffin.

7. Ignite's claims for relief are barred, in whole or in part, by prosecution history estoppel by virtue of the representations, omissions, and/or concessions made to the Patent Office during the prosecution of the application from which the '442 patent issued. For example, and without limitation, Ignite's representations to the Patent Trial and Appeal Board characterized the claims of the '442 patent in a manner more narrow than Ignite's infringement allegations against PMI.

8. Ignite's claims for relief are barred because the '442 Patent is unenforceable due to Ignite failing to comply with its duty of candor, disclosure, and good faith in its dealings with the Patent Office, and/or due to Ignite failing to disclose material information to the Patent Office and intending to deceive the Patent Office by such failure to disclose.

  A. During prosecution of the '442 patent, the Examiner stated in the Reasons for Allowance of the April 19, 2011 Notice of Allowance "the prior art does not expressly disclose that the vent seal is initially actuated during a first portion of the actuation stroke of the trigger mechanism, and wherein the shutter is initially actuated during a second portion of the actuation stroke of the trigger mechanism." (Notice of Allowance, page 2).

  B. This statement was, and is, erroneous. Specifically, the claims reciting the feature quoted by the Examiner (the "Pre-Venting Feature") were found to be obvious over Albert '748, Nergard, and Albert '799 during the *Inter Partes* Review proceeding for the '442 patent. That is, the Patent Trial and Appeal Board cancelled claims 1, 2, 4-8, 10, 14, and 15 as being obvious over Albert '748; cancelled claims 16-19 as being obvious over Nergard in view of Albert '748; and cancelled claim 9 as being obvious over Albert '799. Further, the Pre-Venting Feature is disclosed in Numbers (U.S. Patent No. 4,094,433) ("Numbers").

  C. Ignite was aware of at least Albert '748, Nergard and Numbers when the Examiner made the erroneous statement that the Pre-Venting Feature was not disclosed in the prior art. For example, Ignite forwarded Albert '748,

                Nergard and Numbers to the Patent Office in a September 22, 2009 Information Disclosure Statement.

      D.      Despite being aware of Albert '748, Nergard and Numbers, Ignite failed in response to the erroneous statement of the Examiner to inform the Patent Office of the error or the specific relevance of the prior art known to it. In fact, Ignite never submitted any comments on the Reasons for Allowance set forth in the Notice of Allowance.

      E.      Albert 748 by itself, Numbers by itself and the Albert '748 and Nergard combination were material to patentability and rendered obvious at least most of the claims reciting Pre-Venting Feature. For example, the disclosures in Albert '748, Nergard and Numbers would have rendered unpatentable at least most of the claims of the '442 patent, had the Examiner been aware of the specific relevance of Albert '748 and Nergard.

      F.      Ignite knew or should have known that Albert 748 by itself, Numbers by itself and the Albert '748 and Nergard combination rendered obvious the claims reciting the Pre-Venting Feature because Ignite was the party who submitted Albert '748, Nergard and Numbers to the Patent Office. On information and belief, the failure to inform the Patent Office was done with intent to deceive, as at least most of the claims of the '442 patent would not have issued but for Ignite failing to inform the Examiner of the specific relevance of the prior art.

      G.      Ignite intended to deceive the Patent Office by failing to inform the Patent Office that both Albert '748 and Numbers disclosed the Pre-Venting Feature, and that Albert '748 by itself, Numbers by itself and the Albert '748 and Nergard combination rendered obvious the claims reciting the Pre-Venting Feature. For example, but for Ignite withholding the fact that Albert 748 by itself, Numbers by itself and the Albert '748 and Nergard combination rendered obvious the Pre-Venting Feature, the '442 Patent would not have issued and the Examiner would have determined that the claims of the '442 patent were anticipated and/or obvious over Albert 748 by itself, Numbers by itself and the Albert '748 and Nergard combination. Indeed, the Patent Trial and Appeal Board determined most of the claims of the '442 patent to be unpatentable over either Albert '748 alone or the Albert '748 and Nergard combination.

9.      Ignite's claim for relief and prayer for damages are limited by 35 U.S.C. § 287.

10.     Ignite's assertion of the '442 patent, some or all of its claims, and the relief requested against PMI are barred by the doctrines of waiver, laches, acquiescence, estoppel and/or unclean hands.

11. Ignite's claims are barred, in whole or in part, because it has not suffered detriment, injury or damage.

12. If Ignite has suffered any injury or damage, then it has failed to mitigate those damages.

13. Ignite did not plead its claim for willful infringement with sufficient specificity or factual support to put PMI on notice as to the claim being made.

14. Ignite is not entitled to injunctive relief because any alleged injury to Ignite is not immediate or irreparable, and Ignite has an adequate remedy at law for any claims it can prove.

PMI reserves all additional or affirmative defenses available under Rule 8(c) of the Federal Rules of Civil Procedure, the patent laws of the United States and any other defenses at law or in equity that may now exists or in the future be available based on discovery and further factual investigation in this case.

WHEREFORE, PMI requests that this Court enter judgment:

A. In its favor and against Ignite, dismiss Ignite's First Amended Complaint in its entirety, with prejudice;

B. Declaring and adjudging that PMI has not, and does not, infringe the '442 patent;

C. Declaring and adjudging that all asserted claims of the '442 patent are invalid and/or unenforceable;

D. Declaring that PMI is a prevailing party and that this is an exceptional case, and awarding PMI its costs, expenses, disbursements, and reasonable attorney's fees under 35 U.S.C. § 285 and all other applicable statutes, rules, and common law; and

E. Awarding PMI all other relief as this Court may deem appropriate.

## COUNTERCLAIMS

1. Counterclaimant Pacific Market International, LLC, ("PMI"), asserts the following counterclaims against Plaintiff and Counter-defendant Ignite USA, LLC ("Ignite" or "Counter-defendant"), and alleges as follows:

## THE PARTIES

2. PMI is a Washington limited liability company, having a principal place of business at 2401 Elliott Ave, 4th Floor, Seattle, Washington 98121.

3. Based on paragraph 2 of the First Amended Complaint, Ignite is an Illinois limited liability company, having a principal place of business at 180 North LaSalle Street, Suite 700, Chicago, Illinois 60601.

## JURISDICTION AND VENUE

4. PMI's Counterclaims arise under 28 U.S.C. §§ 2201 and 2202 and seek declaratory relief and further relief based upon a declaratory judgment or decree. PMI seeks a judicial declaration as to noninfringement, invalidity, and unenforceability of U.S. Patent No. 7,997,442 titled Travel Container Having Drinking Orifice and Vent Aperture ("the '442 patent").

5. This Court has jurisdiction over all counterclaims under 28 U.S.C. §§ 1331, 1338(a) and (b), and 1367.

6. Venue is proper in this district under 28 U.S.C. § 1391.

## FIRST COUNTERCLAIM

### Non-Infringement of '442 Patent

7. As stated in paragraph [0015] of the First Amended Complaint, Ignite contends PMI infringes "at least claims 3 and/or 12 of the '442 patent."

8. Claim 3 of the '442 patent requires, among other things, "a vent chamber between the vent seal and the vent aperture, the vent chamber having a cross-sectional area greater than a cross-sectional area of the vent aperture." For example, and without limitation of all the reasons that PMI does not infringe claim 3 of the '442 Patent, PMI does not sell, offer for sale, import into the United States, or use any product having any such vent chamber.

9. Claim 12 of the '442 patent requires "a vent chamber between the vent seal and the vent aperture, and wherein the trigger extends partially through the vent chamber." For example, and without limitation of all the reasons that PMI does not infringe claim 12 of the '442 Patent, PMI does not sell, offer for sale, import into the United States, or use any product having any such vent chamber.

## SECOND COUNTERCLAIM

### Invalidity of '442 Patent

10. PMI repeats and incorporates herein the allegations of Paragraphs 1-6 of its Counterclaim.

11. At least Claims 3 and 12 of the '442 patent are invalid as lacking patentable subject matter, written description, definiteness, novelty, and/or nonobviousness. For example, and without limitation, at least the following prior art references disclose or would have rendered obvious the features of at least Claims 3 and 12 of the '442 patent: Albert (U.S. Patent No. 3,967,748) ("Albert '748"), Nergard (U.S. Patent No. 4,303,173) ("Nergard"), and Albert (U.S. Patent No. 4,136,799) ("Albert '799"), and Chaffin (U.S. Patent No. 5,711,452) ("Chaffin").

## THIRD COUNTERCLAIM

### Unenforceability of '442 Patent

12. PMI repeats and incorporates herein the allegations of Paragraphs 1-6 of its Counterclaim.

13. Ignite's claims for relief are barred because the '442 Patent is unenforceable due to Ignite failing to comply with its duty of candor, disclosure, and good faith in its dealings with the Patent Office, and/or due to Ignite failing to disclose material information to the Patent Office and intending to deceive the Patent Office by such failure to disclose.

14. During prosecution of the '442 patent, the Examiner stated in the Reasons for Allowance of the April 19, 2011 Notice of Allowance "the prior art does not expressly disclose that the vent seal is initially actuated during a first portion of the actuation stroke of the trigger mechanism, and wherein the shutter is initially actuated during a second portion of the actuation stroke of the trigger mechanism." (Notice of Allowance, page 2).

15. This statement was, and is, erroneous. Specifically, the claims reciting the feature quoted by the Examiner (the "Pre-Venting Feature") were found to be obvious over Albert '748, Nergard, and Albert '799 during the *Inter Partes* Review proceeding for the '442 patent. That is, the Patent Trial and Appeal Board cancelled claims 1, 2, 4-8, 10, 14, and 15 as being obvious over Albert '748; cancelled claims 16-19 as being obvious over Nergard in view of Albert '748; and cancelled claim 9 as being obvious over Albert '799. Further, the Pre-Venting Feature is disclosed in Numbers (U.S. Patent No. 4,094,433) ("Numbers").

16. Ignite was aware of at least Albert '748, Nergard and Numbers when the Examiner made the erroneous statement that the Pre-Venting Feature was not disclosed in the

15

26294811v.2

prior art. For example, Ignite forwarded Albert '748, Nergard and Numbers to the Patent Office in a September 22, 2009 Information Disclosure Statement.

17. Despite being aware of Albert '748, Nergard and Numbers, Ignite failed in response to the erroneous statement of the Examiner to inform the Patent Office of the error or the specific relevance of the prior art known to it. In fact, Ignite never submitted any comments on the Reasons for Allowance set forth in the Notice of Allowance.

18. Albert 748 by itself, Numbers by itself and the Albert '748 and Nergard combination were material to patentability and rendered obvious at least most of the claims reciting Pre-Venting Feature. For example, the disclosures in Albert '748, Nergard and Numbers would have rendered unpatentable at least most of the claims of the '442 patent, had the Examiner been aware of the specific relevance of Albert '748 and Nergard.

19. Ignite knew or should have known that Albert 748 by itself, Numbers by itself and the Albert '748 and Nergard combination rendered obvious the claims reciting the Pre-Venting Feature because Ignite was the party who submitted Albert '748, Nergard and Numbers to the Patent Office. On information and belief, the failure to inform the Patent Office was done with intent to deceive, as at least most of the claims of the '442 patent would not have issued but for Ignite failing to inform the Examiner of the specific relevance of the prior art.

20. Ignite intended to deceive the Patent Office by failing to inform the Patent Office that both Albert '748 and Numbers disclosed the Pre-Venting Feature, and that Albert '748 by itself, Numbers by itself and the Albert '748 and Nergard combination rendered obvious the claims reciting the Pre-Venting Feature. For example, but for Ignite withholding the fact that Albert 748 by itself, Numbers by itself and the Albert '748 and Nergard combination rendered obvious the Pre-Venting Feature, the '442 Patent would not have issued and the Examiner would

have determined that the claims of the '442 patent were anticipated and/or obvious over Albert 748 by itself, Numbers by itself and the Albert '748 and Nergard combination. Indeed, the Patent Trial and Appeal Board determined most of the claims of the '442 patent to be unpatentable over either Albert '748 alone or the Albert '748 and Nergard combination.

## **RELIEF REQUESTED**

Wherefore, PMI respectfully requests the following relief:

1. That the Court denies any relief requested by Plaintiff, and find in favor of PMI on all such claims by Plaintiff;

2. That the Court issues an order and judgment in favor of PMI on PMI's Counterclaims, and award PMI damages as may be shown;

3. That the Court finds that the '442 patent is invalid, not infringed by PMI, and/or unenforceable;

4. That the Court awards PMI its attorneys' fees and costs incurred in responding to the First Amended Complaint and defending this litigation and in prosecuting the Counterclaims, including a finding that this case is exceptional under 35 U.S.C. § 285 in PMI's favor; and

5. Such other relief as the Court may deem proper.

DATED: April 28, 2016                          Respectfully submitted,

                                                                  PACIFIC MARKET INTERNATIONAL, LLC

                                                                  By: /*Patrick T. Muffo*/
                                                                       One of Its Attorneys

Michael R. Levinson
mlevinson@seyfarth.com
Patrick Muffo
pmuffo@seyfarth.com
SEYFARTH SHAW LLP
131 South Dearborn Street
Suite 2400
Chicago, Illinois 60603
Telephone:   (312) 460-5000
Facsimile:    (312) 460-7000

26294811v.2

## CERTIFICATE OF SERVICE

I hereby certify that on April 28, 2016, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

> Stephen M. Schaetzel
> Warren J. Thomas
> MEUNIER CARLIN & CURFMAN LLC
> 999 Peachtree Street, NE
> Suite 1300
> Atlanta, Georgia 30309
> sschaetzel@mcciplaw.com
> wthomas@mcciplaw.com
>
> Jonathan M. Cyrluk
> Joshua S. Goldberg
> Steven C. Moeller
> CARPENTER LIPPS & LELAND LLP
> 180 North LaSalle Street
> Suite 2640
> Chicago, Illinois 60601
> cyrluk@carpenterlipps.com
> goldberg@carpenterlipps.com
> moeller@carpenterlipps.com

*/Patrick T. Muffo/*
Patrick Muffo

26294811v.2