IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IGNITE USA, LLC, <br><br> Plaintiff, <br><br> v. <br><br> PACIFIC MARKET INTERNATIONAL, LLC, <br><br> Defendant. | CIVIL ACTION NO. 1:14-CV-00856 <br><br><br> Honorable Edmond E. Chang |

### PLAINTIFF IGNITE USA, LLC'S ANSWER TO DEFENDANT PACIFIC MARKET INTERNATIONAL, LLC'S COUNTERCLAIMS

Plaintiff and Counter-Defendant Ignite USA, LLC ("Ignite") herby answers, responds, and denies the allegations and averments set forth in the counterclaims asserted by Defendant and Counterclaimant Pacific Market International, LLC ("PMI"), as follows:

### COUNTERCLAIMS

1. Counterclaimant Pacific Market International, LLC, ("PMI"), asserts the following counterclaims against Plaintiff and Counter-defendant Ignite USA, LLC ("Ignite" or "Counter-defendant"), and alleges as follows:

**ANSWER**: Paragraph 1 sets forth no allegations of fact to which a response is required. To any extent that the allegations of said paragraph are deemed to be allegations of fact, Ignite denies each and every one of them.

### THE PARTIES

2. PMI is a Washington limited liability company, having a principal place of business at 2401 Elliott Ave, 4th Floor, Seattle, Washington 98121

**ANSWER**: Admitted.

3. Based on paragraph 2 of the First Amended Complaint, Ignite is an Illinois limited liability company, having a principal place of business at 180 North LaSalle Street, Suite 700, Chicago, Illinois 60601.

**ANSWER**: Admitted.

## JURISDICTION AND VENUE

4. PMI's Counterclaims arise under 28 U.S.C. §§ 2201 and 2202 and seek declaratory relief and further relief based upon a declaratory judgment or decree. PMI seeks a judicial declaration as to noninfringement, invalidity, and unenforceability of U.S. Patent No. 7,997,442 titled Travel Container Having Drinking Orifice and Vent Aperture ("the '442 patent").

**ANSWER**: Admitted that PMI's Counterclaims purport to arise under 28 USC 2201 and 2202 and seek a judicial declaration of non-infringement, invalidity and unenforceability of U.S. Patent No. 7,997,442, entitled "Travel Container Having Drinking Orifice and Vent Aperture (the "'442 Patent"). Paragraph 4 recites conclusions of law, to which no response is necessary. To any extent this paragraph is deemed recite allegations of fact, Ignite denies each and every one of them. Ignite denies that PMI is entitled to any such declaratory judgment. Ignite further responds that PMI has failed to set forth a claim upon which relief can be granted and is therefore subject to dismissal.

5. This Court has jurisdiction over all counterclaims under 28 U.S.C. §§ 1331, 1338(a) and (b), and 1367.

**ANSWER**: Admitted.

6. This Court has jurisdiction over all counterclaims under 28 U.S.C. §§ 1331, 1338(a) and (b), and 1367.

**ANSWER**: Admitted.

## FIRST COUNTERCLAIM

7. As stated in paragraph [0015] of the First Amended Complaint, Ignite contends PMI infringes "at least claims 3 and/or 12 of the '442 patent."

**ANSWER**: Admitted.

8. Claim 3 of the '442 patent requires, among other things, "a vent chamber between the vent seal and the vent aperture, the vent chamber having a cross-sectional area greater than a cross-sectional area of the vent aperture." For example, and without limitation of all the reasons that PMI does not infringe claim 3 of the '442 Patent, PMI does not sell, offer for sale, import into the United States, or use any product having any such vent chamber.

**ANSWER**: Admitted that Claim 3 of the '442 Patent reads as follows:

> The drinking container of claim 1, further comprising a vent chamber between the vent seal and the vent aperture, the vent chamber having a cross-sectional area greater than a cross-sectional area of the vent aperture.

Ignite denies all remaining allegations of Paragraph 8.

9. Claim 12 of the '442 patent requires "a vent chamber between the vent seal and the vent aperture, and wherein the trigger extends partially through the vent chamber." For example, and without limitation of all the reasons that PMI does not infringe claim 12 of the '442 Patent, PMI does not sell, offer for sale, import into the United States, or use any product having any such vent chamber.

**ANSWER**: Admitted that Claim 12 of the '442 Patent reads as follows:

> The drinking container of claim 8, further comprising a vent chamber between the vent seal and the vent aperture, and wherein the trigger extends partially through the vent chamber.

Ignite denies all remaining allegations of Paragraph 9.

## SECOND COUNTERCLAIM

10. PMI repeats and incorporates herein the allegations of Paragraphs 1–6 of its Counterclaim.

**ANSWER:** Ignite realleges each and all of its denials, allegations and responses to Paragraphs 1–6 as if fully set forth herein.

11. At least Claims 3 and 12 of the '442 patent are invalid as lacking patentable subject matter, written description, definiteness, novelty, and/or nonobviousness. For example, and without limitation, at least the following prior art references disclose or would have rendered obvious the features of at least Claims 3 and 12 of the '442 patent: Albert (U.S. Patent No. 3,967,748) ("Albert '748"), Nergard (U.S. Patent No. 4,303,173) ("Nergard"), and Albert (U.S. Patent No. 4,136,799) ("Albert '799"), and Chaffin (U.S. Patent No. 5,711,452) ("Chaffin").

**ANSWER:** Denied.

## THIRD COUNTERCLAIM

12. PMI repeats and incorporates herein the allegations of Paragraphs 1–6 of its Counterclaim.

**ANSWER:** Ignite realleges each an all of its denials, allegations and responses to Paragraphs 1–6 as if fully set forth herein.

13. Ignite's claims for relief are barred because the '442 Patent is unenforceable due to Ignite failing to comply with its duty of candor, disclosure, and good faith in its dealings with the Patent Office, and/or due to Ignite failing to disclose material information to the Patent Office and intending to deceive the Patent Office by such failure to disclose.

**ANSWER:** Denied.

14. During prosecution of the '442 patent, the Examiner stated in the Reasons for Allowance of the April 19, 2011 Notice of Allowance "the prior art does not expressly disclose that the vent seal is initially actuated during a first portion of the actuation stroke of the trigger mechanism, and wherein the shutter is initially actuated during a second portion of the actuation stroke of the trigger mechanism." (Notice of Allowance, page 2).

**ANSWER:** Admitted that after prosecution on the merits was closed, the Examiner stated certain reasons for the allowance of certain patentable subject matter in the document entitled Notice of Allowance, mailed April 19, 2011. To the extent any further admission is sought by this Paragraph, Ignite denies all remaining allegations of Paragraph 14.

15. This statement was, and is, erroneous. Specifically, the claims reciting the feature quoted by the Examiner (the "Pre-Venting Feature") were found to be obvious over Albert '748, Nergard, and Albert '799 during the *Inter Partes* Review proceeding for the '442 patent. That is, the Patent Trial and Appeal Board cancelled claims 1, 2, 4–8, 10, 14, and 15 as being obvious over Albert '748; cancelled claims 16–19 as being obvious over Nergard in view of Albert '748; and cancelled claim 9 as being obvious over Albert '799. Further, the Pre-Venting Feature is disclosed in Numbers (U.S. Patent No. 4,094,433) ("Numbers").

**ANSWER:** Denied. Ignite admits that in a Final Written Decision entered September 28, 2015, the Patent Trial and Appeal Board held that claims 1, 2, 4–10 and 14–19 of the '442 patent were unpatentable. Ignite further responds that none of those claims are asserted in this action.

16. Ignite was aware of at least Albert '748, Nergard and Numbers when the Examiner made the erroneous statement that the Pre-Venting Feature was not disclosed in the

4

prior art. For example, Ignite forwarded Albert '748, Nergard and Numbers to the Patent Office in a September 22, 2009 Information Disclosure Statement.

**ANSWER:** Denied. Ignite admits that it submitted an Information Disclosure Statement to the Patent Office and that document speaks for itself. Ignite incorporates herein by reference its response to Paragraph 15.

17. Despite being aware of Albert '748, Nergard and Numbers, Ignite failed in response to the erroneous statement of the Examiner to inform the Patent Office of the error or the specific relevance of the prior art known to it. In fact, Ignite never submitted any comments on the Reasons for Allowance set forth in the Notice of Allowance.

**ANSWER:** Denied.

18. Albert 748 by itself, Numbers by itself and the Albert '748 and Nergard combination were material to patentability and rendered obvious at least most of the claims reciting Pre-Venting Feature. For example, the disclosures in Albert '748, Nergard and Numbers would have rendered unpatentable at least most of the claims of the '442 patent, had the Examiner been aware of the specific relevance of Albert '748 and Nergard.

**ANSWER:** Denied.

19. Ignite knew or should have known that Albert 748 by itself, Numbers by itself and the Albert '748 and Nergard combination rendered obvious the claims reciting the Pre-Venting Feature because Ignite was the party who submitted Albert '748, Nergard and Numbers to the Patent Office. On information and belief, the failure to inform the Patent Office was done with intent to deceive, as at least most of the claims of the '442 patent would not have issued but for Ignite failing to inform the Examiner of the specific relevance of the prior art.

**ANSWER:** Denied.

20. Ignite intended to deceive the Patent Office by failing to inform the Patent Office that both Albert '748 and Numbers disclosed the Pre-Venting Feature, and that Albert '748 by itself, Numbers by itself and the Albert '748 and Nergard combination rendered obvious the claims reciting the Pre-Venting Feature. For example, but for Ignite withholding the fact that Albert 748 by itself, Numbers by itself and the Albert '748 and Nergard combination rendered obvious the Pre-Venting Feature, the '442 Patent would not have issued and the Examiner would have determined that the claims of the '442 patent were anticipated and/or obvious over Albert '748 by itself, Numbers by itself and the Albert '748 and Nergard combination. Indeed, the Patent Trial and Appeal Board determined most of the claims of the '442 patent to be unpatentable over either Albert '748 alone or the Albert '748 and Nergard combination.

**ANSWER:** Denied.

## GENERAL DENIAL

To the extent not previously addressed, Ignite denies the remaining allegations and prayers in the Counterclaim. Ignite also denies all allegations not specifically admitted herein.

## AFFIRMATIVE DEFENSES

Ignite asserts the following Affirmative Defenses against PMI's Counterclaims and reserves the right to further amend its responses as additional information becomes available.

1. Claims 3 and 12 of U.S. Patent No. 7,997,442 are not invalid, enforceable and infringed by PMI.

2. Ignite complied with the duty of candor and good faith in dealing with the United States Patent and Trademark Office at all times during prosecution of the application that issued as the '442 Patent, including the duty to disclose to the Patent Office all information known to be material to the patentability of said application. No misrepresentations or omissions material to the patentability of the application that issued as the '442 Patent were made.

3. Neither Ignite nor any person associated with the filing and prosecution of the application that issued as the '442 Patent acted with the intent to mislead or deceive the PTO at any time during prosecution thereof.

4. PMI's Counterclaims fail to state a claim upon which relief may be granted and/or are otherwise deficient under Federal Rules of Civil Procedure 8, 9, and 12.

5. Ignite adopts and incorporates herein all affirmative defenses available pursuant to Federal Rule of Civil Procedure 8 (or any applicable statute or regulation), to the extent the facts known at this time would make any of said defenses available or facts developed in the future would make same available.

WHEREFORE, Ignite requests that judgment be entered against PMI and in Ignite's

favor on the Counterclaims brought by PMI, including an award to Ignite of attorneys' fees and costs in having to defend against the Counterclaims. Ignite further requests that it be granted all of the relief requested in its Complaint.

                      Respectfully submitted,

                      IGNITE USA, LLC

Dated: May 23, 2016          By: /s/ Stephen M. Schaetzel
                                                  One of its attorneys

                      Stephen M. Schaetzel
                      GA Bar No. 628653 (pro hac vice)
                      Warren J. Thomas (pro hac vice)
                      GA Bar No. 164714
                      MEUNIER CARLIN & CURFMAN LLC
                      999 Peachtree Street, NE, Suite 1300
                      Atlanta, Georgia 30309
                      Phone: 404-645-7700
                      Fax: 404-645-7707
                      sschaetzel@mcciplaw.com
                      wthomas@mcciplaw.com

                      Jonathan M. Cyrluk (ARDC No. 6210250)
                      Joshua S. Goldberg (ARDC No. 6277541)
                      Steven C. Moeller (ARDC No. 6290263)
                      CARPENTER LIPPS & LELAND LLP
                      180 North LaSalle Street, Suite 2640
                      Chicago, Illinois 60601
                      Phone: 312-777-4300 – telephone
                      Fax: 312-777-4839 – facsimile
                      cyrluk@carpenterlipps.com
                      goldberg@carpenterlipps.com
                      moeller@carpenterlipps.com

                      *Counsel for Plaintiff, Ignite USA, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that, on May 23, 2016, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

                By:    /s/Stephen M. Schaetzel
                          One of the Attorneys for Plaintiff Ignite USA, LLC