1                IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF ILLINOIS
2                    EASTERN DIVISION

3   IGNITE USA, LLC             )  Docket No. 14 C 00856
                           )
4            Plaintiff,   )  Chicago, Illinois
                           )  August 25, 2016
5              v.         )  9:41 a.m.
                           )
6   PACIFIC MARKET INTERNATIONAL,   )
   LLC, et al.,             )
7                           )
            Defendants.   )
8
      TRANSCRIPT OF PROCEEDINGS - Motion Hearing and Status
9         BEFORE THE HONORABLE EDMOND E. CHANG

10  APPEARANCES:

11  For the Plaintiff:   CARPENTER, LIPPS & LELAND, LLP, by
                      MR. JOSH GOLDBERG
12                  180 North LaSalle Street
                  Suite 2640
13                  Chicago, IL 60601

14  For the Plaintiff via conference call:

15                  MEUNIER, CARLIN & CURFMAN, LLC, by
                  MR. STEPHEN M. SCHAETZEL
16                  MR. WARREN J. THOMAS
                  999 Peachtree Street NE
17                  Suite 1300
                  Atlanta, GA 30309
18
   For the Defendants:   SEYFARTH SHAW, LLP, by
19                  MR. MICHAEL R. LEVINSON
                  MR. PATRICK T. MUFFO
20                  131 South Dearborn Street
                  Suite 2400
21                  Chicago, IL 60603

22

   Court Reporter:       LISA H. BREITER, CSR, RMR, CRR
23                  Official Court Reporter
                  219 S. Dearborn Street, Room 1728
24                  Chicago, IL 60604
                  (312) 818-6683
25                  lisa_breiter@ilnd.uscourts.gov

1          (In open court.)

2              THE CLERK:  Excuse me, do we have anyone here for

3      Warren Thomas?

4          (Off-the-record discussion.)

5          (Recess at 9:48 a.m., until 10:00 a.m.)

6          (Clerk places telephone call.)

7              THE CLERK:  14 C-- I'm sorry, court is in session.

8      You may be seated.  14 C 856, Ignite vs. Pacific Market.

9              THE COURT:  This is Judge Chang.  Let's have the

10     attorneys in court first announce their appearances.

11             MR. GOLDBERG:  Josh Goldberg on behalf of Ignite, your

12     Honor.

13             MR. LEVINSON:  Michael Levinson and Patrick Muffo on

14     behalf of Pacific Market International.

15             THE COURT:  And then on the phone?

16             MR. SCHAETZEL:  Steve Schaetzel and Warren Thomas on

17     behalf of Ignite, your Honor.

18             THE COURT:  All right.  Good morning.

19             MR. GOLDBERG:  Your Honor, if I could just apologize

20     for our conflict this morning.  That was my fault.  My

21     colleague who was before you in the last hearing, Jon Cyrluk,

22     is on vacation.  And we just wanted to make sure that you had

23     somebody in front of you live in addition to our lead counsel

24     in Atlanta.  So we didn't have coverage for both cases, and I

25     apologize if there was some mixup of coming to you first.

1          THE COURT:  Yeah, that's okay.  It's just the

2     tradition in the courthouse is -- and this usually works in my

3     detriment with regard to 85 percent of the judges here.  But

4     yeah, if you have a conflict in schedule, you go to the more

5     senior judge first.

6          MR. GOLDBERG:  And we will make sure that happens next

7     time.  I apologize.

8          THE COURT:  All right.  We're here to try to figure

9     out this early motion for summary judgment and whether one

10    ought to be allowed at all.  So let me ask a couple questions.

11         All right.  Talking about claim 12 first.  So this

12    question really goes to Ignite.  Does Ignite currently dispute

13    the construction that the PTAB gave to claim 11 of the '933

14    patent in that between, the word "between" in claim 11, which

15    does use the same language in claim 12 of the patent at issue

16    here, that "between" does not have to be entirely between.

17    That is, the vent chamber does not have to entirely be between

18    the vent seal and the vent aperture.

19         So what's Ignite's position now?

20         MR. GOLDBERG:  If I could, on that one, I want to

21    defer to our lead counsel in Atlanta.  Steve?

22         MR. SCHAETZEL:  And, your Honor, this is

23    Mr. Schaetzel.  I want to be certain that I understand the

24    question.  If the question is do we recognize the finding of

25    the PTAB -- of the Patent Trial and Appeal Board and recognize

1    that it can be viewed as potential persuasive authority, the

2    answer to that question is yes, we recognize that.

3          THE COURT:  Yeah.  No, let me --

4          MR. SCHAETZEL:  If the question is --

5          THE COURT:  I'm sorry, let me just interrupt because

6    I'll be more precise.

7          So yes, of course the PTAB held that that was the

8    construction of the word "between" as to claim 11 of the '933

9    patent.  And so it held that and obviously it can be persuasive

10   authority.  It doesn't seem like issue preclusion is going to

11   apply post *Cuozzo* because of the different standards of

12   construction.

13         But really the precise question is in this litigation

14   here on claim 12, all right, of the patent at issue in this

15   case, do you take the position that "between" does not have to

16   be entirely between the vent seal and the vent aperture?

17         MR. SCHAETZEL:  Your Honor, we did not -- my

18   recollection is that that was not an issue before the Patent

19   Trial and Appeal Board, and we did not take a position on that

20   before on the use of the word "between" as I think the question

21   is phrased.

22         So then the question becomes do we dispute... We would

23   want to leave the issue open as a term that could potentially

24   be disputed and determined by the Court --

25         THE COURT:  All right.

1        MR. SCHAETZEL:  -- in this case.

2        THE COURT:  So I know we have not reached the point of

3   exchange of claim construction charts.  This is one of the

4   struggles of dealing with an early summary judgment motion.

5        But what -- I guess the question is or your answer

6   really is claim 12 for the patent at issue in this case, you

7   might -- you're not sure, but you might take the position that

8   "between" does mean that the vent chamber has to be entirely --

9   the entire vent chamber has to be between the vent seal and the

10  vent aperture.  You might take that position; is that correct?

11       MR. SCHAETZEL:  Yes, we might, your Honor.

12       THE COURT:  Okay.

13       MR. SCHAETZEL:  We haven't -- because it was an issue

14  for the Patent Trial and Appeal Board, one hesitation is that

15  we haven't thought it through in terms of how it would

16  influence any early motion for summary judgment.

17       THE COURT:  Okay.  No -- well, all right.  The PTAB

18  decision described it as Ignite having taken the position that

19  the vent chamber has to be entirely between the vent seal and

20  the vent aperture.  But, all right, I think I got the answer

21  that I needed to that question.

22       The next question is:  In this litigation, is there --

23  well, that's not as precise a question.  Let me just think this

24  through.

25       All right.  Again, might the plaintiff take the

1    position in this litigation that when claim 12 says that there

2    is a trigger that extends partially through the vent chamber,

3    that the trigger does not include the spring and the stem that

4    is attached to the trigger?

5            MR. SCHAETZEL:  I apologize, your Honor.  When we talk

6    about the spring and the stem, are we talking about the spring

7    and the stem that's in the Ignite patent, that's in the Chaffin

8    reference, or that's in the accused product or all three?

9            THE COURT:  All three.  Really I'm trying to figure

10   out whether there's a dispute in this litigation over what

11   constitutes the trigger which has to extend partially through

12   the vent chamber.

13           MR. SCHAETZEL:  I believe there is a dispute as to the

14   term "trigger assembly," your Honor, but that is based on PMI's

15   position.  In other words, when we look at their

16   non-infringement contentions, we understand there to be a

17   dispute over the meaning of trigger assembly.

18           THE COURT:  Okay.  All right.  Then moving on to

19   claim 3, again trying to figure out whether there is actually,

20   you know, lurking here a claim construction dispute.

21           The invalidity argument that Pacific is talking about

22   on claim 3, at least that would be put at issue at the early

23   summary judgment motion, is -- I think it comes down to Pacific

24   relying on the Chaffin reference and that Figure 5 of that

25   reference shows a -- shows a vent chamber that has a

1    cross-sectional area that's greater than the cross-sectional

2    area of the vent aperture.

3              So is that an accurate description of Pacific's

4    argument?

5              MR. GOLDBERG:  If you're asking us, yes.

6              THE COURT:  Yeah, okay.  And then that particular

7    argument, I mean, there's a number of steps to get there, but I

8    think that's the one argument, though, that -- has the PTAB

9    actually opined on that, that you have to -- if you look at

10   Chaffin Figure 5, it is showing a vent chamber whose

11   cross-sectional area is greater than the vent aperture's

12   cross-sectional area.

13             MR. GOLDBERG:  I would defer to Mr. Muffo, but my

14   understanding is that the PTAB, in identifying cross-sectional

15   area, includes the trigger.  So that's what the PTAB did in

16   interpreting Chaffin.

17             THE COURT:  Right.  And that is in the PTAB decision?

18             MR. GOLDBERG:  Right.

19             THE COURT:  But the question is:  Did the PTAB opine

20   on whether Chaffin discloses a vent chamber with a

21   cross-sectional area greater than the vent aperture using

22   Figure 5?  I don't think it did.

23             MR. GOLDBERG:  I think you would know the answer to

24   that.

25             MR. MUFFO:  That, I don't recall.  I understand for

1    the non-infringement position of the 93 -- of the claim 3, the

2    PTAB on the decision on institution of the '933 patent

3    determined that the trigger must be excluded from any

4    calculation for determining the cross-sectional area of the

5    vent chamber, vent aperture.

6         THE COURT:  Okay, right.  But as to the invalidity

7    argument for obviousness, Pacific is relying on this Figure 5

8    of Chaffin showing a greater cross-sectional area for the vent

9    chamber versus the vent aperture, right?  That is a linchpin of

10   that argument?

11        MR. MUFFO:  I believe so, your Honor.

12        THE COURT:  But that, the PTAB did not opine on,

13   right?  Because I don't think, when the PTAB opined on the

14   trigger being excluded, there was no -- it was not making or

15   rendering an opinion on whether Figure 5 of Chaffin shows this

16   greater cross-sectional area.

17        MR. MUFFO:  Are you referring to the '933 decision on

18   institution?

19        THE COURT:  Yes.

20        MR. MUFFO:  Correct, your Honor.  The PTAB at that

21   point was concluding that the cross-sectional area of the

22   button or trigger must be included when determining the

23   cross-sectional area of the vent, vent chamber, vent aperture.

24        THE COURT:  Right, the vent aperture.  So -- right, so

25   neither in the institution nor obviously in the final decision

1  did the PTAB actually express an opinion on that particular

2  Figure 5 of Chaffin, which is the crucial point in arguing that

3  Chaffin renders claim 3 obvious.  Okay.

4          MR. SCHAETZEL:  Your Honor, I'm sorry to interrupt.  I

5  apologize not being able to see, but it is our understanding

6  that --

7          THE COURT:  I'm sorry, just for the record, just go

8  ahead and state your name again.

9          MR. SCHAETZEL:  Yes, sir, I apologize.  This is Steve

10 Schaetzel in Atlanta.

11         Your Honor, it's Ignite's position that what the Court

12 just stated is correct, that the Patent Trial and Appeal Board

13 did not, in either the institution decision or in the final

14 written decision, address what is shown as Figure 5 at the top

15 of page 13 of the proposed motion discussing the vent chamber

16 area relative to the vent aperture area.

17         THE COURT:  All right.  So here are my thoughts on

18 this.  The local patent rules do generally set out this

19 progression, and it makes sense in most cases.  I understand

20 why the defense, after getting some favorable PTAB rulings,

21 might want to try to change the order, and that's why I've

22 looked into this and tried to consider it.

23         And sometimes it makes sense, especially if the answer

24 to a particular issue, that would be dispositive of the case

25 entirely.  And that's what the defense tried to argue here

1    would apply and it's easy to tell.  It's not easy divvying.

2    The defense may very well have the better of the argument, but

3    it's not so clear to me that this will save time and effort and

4    be dispositive.

5           As I said, maybe it will.  But, of course, I've only

6    read the motion for summary judgment on the defense side.  So

7    when I look at it, it's obviously a one-sided presentation, and

8    then I read the PTAB decisions.

9           And so -- and yet even reading the one-sided

10   presentation, it's still not clear to me that they're correct.

11   And so I think we would be more likely to spin our wheels if we

12   take a detour now, and I'd rather stick with the usual path.

13          All right.  So the authorization to file an early

14   summary judgment motion is denied.  We're going to return to

15   the path that we were on.  I don't know if we've been knocked

16   off course or not in terms of the timing because the final

17   contentions are now due.  The infringement contentions are now

18   due October 17, I think it is.

19          So let me ask Ignite, are you still on schedule to be

20   able to make the final infringement contentions on that date?

21          MR. SCHAETZEL:  Yes, your Honor.  This is

22   Mr. Schaetzel in Atlanta.  Yes, Ignite is on schedule.

23          THE COURT:  All right.  So we'll keep the schedule

24   that we had in place, keep going, and we'll set a status for

25   the week of October 24.

1          THE CLERK:  We'll see you back here on October 26 at

2    9:30.

3          THE COURT:  And so the final infringement contention

4    should have been filed by then.  We'll just check in and make

5    sure everything is on track.

6          Okay.  Anything else from any of the attorneys on the

7    phone?

8          MR. SCHAETZEL:  No, sir.

9          THE COURT:  Anything from the attorneys in court?

10          MR. MUFFO:  Nothing here.

11          MR. GOLDBERG:  No, your Honor.

12          THE COURT:  Thank you.

13      (Concluded at 10:19 a.m.)

14              * * * * * * * * *

15              C E R T I F I C A T E

16    I certify that the foregoing is a correct transcript of the

17    record of proceedings in the above-entitled matter.

18

19    _/s/ LISA H. BREITER_____      September 2, 2016
      LISA H. BREITER, CSR, RMR, CRR
20    Official Court Reporter

21

22

23

24

25