## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| IGNITE USA, LLC,<br><br>  Plaintiff,<br><br>v.<br><br>PACIFIC MARKET INTERNATIONAL,<br>LLC<br><br>  Defendant. | Civil Action No. 14-cv-856<br><br>Judge Edmond Chang<br><br>**JURY TRIAL DEMANDED** |

## MOTION TO SUPPLEMENT CLAIM CONSTRUCTION RECORD

Pacific Market International, LLC ("PMI") moves to supplement the claim construction record as follows:

1.      The Patent Trial and Appeals Board (PTAB) recently issued Final Written Decisions in separate *inter partes* review ("IPR") proceedings invalidating all challenged claims of two patents within the same family as the Patent-in-Suit, U.S. Patent No. 7,997,442 (the "'442 Patent").  Those two patents share the same specification as the '442 Patent and are U.S. Patent Nos. 9,095,233 (the "'223 Patent", Final Written Decision attached as Exh. A); and 8,590,731 (the "'731 Patent", Final Written Decision attached as Exh. B).

2.      Previously, the PTAB issued Final Written Decisions in two other IPRs of patents in the '442 family. On November 13, 2015, the PTAB issued a Final Written Decision invalidating claims 1, 2, 4-11, and 13-16 of U.S. Patent No. 7,546,933 and on September 28, 2015, the PTAB issued a Final Written Decision invalidating all claims of the '442 Patent, except claims 3 and 12.  (Exh. C – '933 FWD; Exh. D – '442 FWD).  To be clear, the PTAB did not review claims 3 and 12 of the '442 Patent based on the prior art at issue in the recently-issued '233 Patent and '731 Patent Final Written Decisions.

1

44269435v.2

3.      In its recent Final Written Decision on the '233 Patent, the PTAB construed or

ruled as follows on claim terms that are identical to claim terms subject to construction:

| Term | Ignite Proposed Construction (in this lawsuit) | PMI Proposed Construction (in this lawsuit) | '233 Final Written Decision Construction or Holding |
|---|---|---|---|
| "vent seal" | "a dedicated member that prevents the passage of gases or vapor" | "a member that prevents the passage of gases or vapor" | "a member that provides an airtight or watertight closure to prevent the passage of liquid or gas" |
| "vent chamber" | "a space having an entrance and an exit for lowering the pressure of vapor or gas" | "a space to lower the pressure of vapor or gas" | "a space having an entrance and an exit for lowering the pressure of vapor or gas" |
| "between [the vent seal and the vent aperture] | "separating with a flow path" | "completely or partially between" | "[W]e do not agree that such separation dictates that the entirety of the vent chamber must reside between, or separate, the vent seal and vent aperture." ('233 FWD at 9). |
| "cross-sectional area" | Plain and ordinary meaning | "two-dimensional space inside a perimeter" | Not expressly construed but found to be disclosed in the prior art of Chaffin. |

Other than minor grammatical differences, these terms are identical to the claim terms recited in

claims 3 and 12 of the '442 Patent, the only remaining claims asserted in this litigation.  The

independent claims from which claims 3 and 12 depend have already been found invalid by the

PTAB.

4.      It is axiomatic that claim terms should be construed the same across all patents

within the same family. *Frank's Casing Crew & Rental Tools, Inc. v. Weatherford Int'l, Inc.*, 389

F.3d 1370, 1377 (Fed. Cir. 2004), *citing Epcon Gas Sys. Inc. v. Bauer Compressors, Inc.*, 279

2

F.3d 1022, 1031 (Fed. Cir. 2002) ("The same term or phrase should be interpreted consistently where it appears in claims of common ancestry").

5.       At the appropriate time, PMI will move for summary judgment of invalidity of claims 3 and 12 of the '442 Patent based on the Final Written Decisions invalidating nearly identical claims based on the same prior art. *MaxLinear, Inc. v. CF CRESPE LLC*, App. No. 2017-1039, 2018 WL 542676, at *2 (Fed. Cir. Jan. 25, 2018) ("administrative decisions by the U.S. Patent and Trademark Office can ground issue preclusion....") (quoting *SkyHawke Technologies, LLC v. Deca International Corp.*, 828 F.3d 1373, 1376 (Fed. Cir. 2016). In the meantime, PMI submits the two most recent Final Written Decisions for the Court to consider on claim construction.  See *Virginia Innovation Scis., Inc. v. Samsung Elecs. Co., Ltd.*, 983 F. Supp. 2d 713, 755 (E.D. Va. 2014), *vacated on other grounds*, 614 Fed. Appx. 503 (Fed. Cir. 2015) (unpublished) ("there is also a broader general duty of candor and good faith that encompasses an attorney's duty to advise a district court of any development that may affect the outcome of the litigation").

6.       The undersigned hereby certifies that counsel for PMI and Ignite conferred on Thursday, February 8. Based on those discussions, Ignite does not oppose this Motion to include the Final Written Decisions in the claim construction record. However, Ignite does not necessarily agree with PMI's characterizations of the Final Written Decisions or the other arguments in this Motion.

3

44269435v.2

**DATED:** February 12, 2018         Respectfully submitted,

PACIFIC MARKET INTERNATIONAL, LLC


By:    */s/Patrick T. Muffo*
       One of Its Attorneys


Michael R. Levinson
mlevinson@seyfarth.com
Patrick T. Muffo
pmuffo@seyfarth.com
SEYFARTH SHAW LLP
233 S. Wacker Dr.
Suite 8000
Chicago, Illinois 60606
Telephone:    (312) 460-5000
Facsimile:    (312) 460-7000

44269435v.2

5

## CERTIFICATE OF SERVICE

I, Patrick T. Muffo, an attorney, certify that I caused the foregoing to be filed

electronically with the Clerk of the Court for the Northern District of Illinois using the Court's

Electronic Case Filing System, which will send notification to the registered participants of the

ECF System as listed in the Court's Notice of Electronic Filing, on February 12, 2018.

*/s/Patrick T. Muffo*

Patrick T. Muffo
233 S. Wacker Dr.
Suite 8000
Chicago, Illinois 60606
(312) 469-5000 – Telephone
(312) 460-7000 – Facsimile
pmuffo@seyfarth.com

44269435v.2