IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IGNITE USA, LLC, <br><br> Plaintiff, <br><br> v. <br><br> PACIFIC MARKET INTERNATIONAL, LLC, <br><br> Defendant. | CIVIL ACTION NO. 1:14-CV-00856 <br><br><br> Honorable Edmond E. Chang |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO
COMPEL PRODUCTION OF EXPERT WITNESSES FOR DEPOSITION**

In accordance with the Court's August 16, 2018 minute entry (R. 163), Plaintiff Ignite USA, LLC ("Ignite") submits the following response to Defendant Pacific Market International, LLC's ("PMI") motion to compel expert depositions in Chicago (the "Motion," R. 161).

Throughout this litigation, Ignite has extended to PMI the professional courtesy of deposing PMI's witnesses at the location of PMI's choosing, even though Ignite had the right to unilaterally determine the location of those depositions. *See Ristevski v. S & P Carrier, LTD.*, No. 09 C 4874, 2010 WL 1687878, at *1 (N.D. Ill. Apr. 26, 2010) ("A party can set the place for a deposition of an opposing party anywhere it wishes."), citing 8A C. Wright, A. Miller & R. Marcus, *Federal Practice and Procedure* § 2112 at 72–73 (1994).

To date, Ignite has taken two depositions of PMI 30(b)(6) representatives, and two depositions of PMI lay witness. To accommodate PMI, three of those four depositions occurred in Chicago and one occurred in Seattle, even though all of those witnesses reside in Seattle. As for the upcoming expert depositions, Ignite has agreed to take both of PMI's expert depositions

in Chicago—at PMI's request and regardless of where they live. And Ignite has no issue with presenting one of its two witnesses in Chicago because that is where she lives.

Despite these multiple courtesies by Ignite, PMI refuses to grant a single one to Ignite's technical expert, Dr. Colton. Instead, PMI now insists that Dr. Colton—a Georgia Tech professor who resides and teaches class in Atlanta—be deposed in Chicago as well.

Ignite is aware of the general rule that, as plaintiff, it has chosen this forum and thus must have its representatives and agents deposed here. *Penn Mut. Life Ins. Co. v. GreatBanc Tr. Co.*, No. 09 C 06129, 2013 WL 212906, at *2 (N.D. Ill. Jan. 18, 2013). Even so, "this is at best a general rule, and is not adhered to if plaintiff can show good cause for not being required to come to the district where the action is pending." Wright, A. Miller, *Federal Practice and Procedure* § 2112. This Court also "has *substantial discretion* to establish the time and place of depositions." *Ristevski*, 2010 WL 1687878, at *1 (emphasis added). "Discretion denotes the absence of a hard and fast rule." *Id.*

Here, the practical and equitable concern is the inconvenience to Dr. Colton.[1] Requiring Dr. Colton to travel for his deposition to a location inconvenient for him is not justified by the mere filing of the action in this forum.[2] Contrary to PMI's assertion, Ignite's counsel's travel to Chicago is not the issue. (R. 161 ¶ 5.) Travel to Atlanta for PMI's counsel is no more of a burden than travel to Chicago for Ignite's counsel, and PMI's counsel's firm has an office in Atlanta less than two blocks from Ignite counsel's office.[3]

---

[1] In conversation, PMI has raised the possibility of deposing Dr. Colton for more than seven (7) hours over a two-day period. This would, of course, add to the inconvenience to Dr. Colton. Ignite believes that Dr. Colton's deposition can and should be conducted within the time limit provided by Rule 30(d)(1) of the Federal Rules of Civil Procedure, and will endeavor to address and resolve any such issue directly with PMI's counsel.

[2] Of course, if and when a trial occurs, Dr. Colton will appear in Chicago for trial.

[3] Further, PMI's objection to traveling outside Chicago for a single deposition is being raised for the first time in this case. In the parties' recent meet-and-confer regarding the issues raised in PMI's Motion, PMI offered to

PMI has not shown good cause to compel Dr. Colton to appear in Chicago for a deposition, rather than in Atlanta, where he lives and works. PMI has not cited any authority for the proposition that *all* depositions must be held in the forum where a suit was filed. In light of the fact that all but one deposition to date has been in Chicago and the last was in Seattle (the home of the PMI witness), Ignite respectfully requests that the Court exercise the "substantial discretion" afforded to it under the rules and deny PMI's motion to compel.

DATED: August 20, 2018

Respectfully submitted,

IGNITE USA, LLC

/s/ Warren J. Thomas
One of Its Attorneys

Stephen M. Schaetzel (pro hac vice)
Warren J. Thomas (pro hac vice)
MEUNIER CARLIN & CURFMAN LLC
999 Peachtree Street, NE, Suite 1300
Atlanta, Georgia 30309
Phone: 404-645-7700
sschaetzel@mcciplaw.com
wthomas@mcciplaw.com

Jonathan M. Cyrluk
Joshua S. Goldberg
Steven C. Moeller
CARPENTER LIPPS & LELAND LLP
180 North LaSalle Street, Suite 2640
Chicago, Illinois 60601
Phone: 312-777-4300 – telephone
cyrluk@carpenterlipps.com
goldberg@carpenterlipps.com
moeller@carpenterlipps.com

*Counsel for Plaintiff, Ignite USA, LLC*

---

depose Dr. Colton in Atlanta *in exchange for* being allowed to depose Ignite's damages expert before PMI served its rebuttal damages report. In other words, PMI's travel to Atlanta was apparently not a concern.

4

## **CERTIFICATE OF SERVICE**

    I hereby certify that, on August 20, 2018, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

                                By:    /s/Warren J. Thomas
                                          *Counsel for Plaintiff Ignite USA, LLC*