IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IGNITE USA, LLC,<br><br>   Plaintiff,<br><br>v.<br><br>PACIFIC MARKET INTERNATIONAL, LLC,<br><br>   Defendant. | CIVIL ACTION NO. 1:14-CV-00856<br><br>Honorable Edmond E. Chang |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S ADDITIONAL STATEMENT OF MATERIAL FACTS**

Plaintiff Ignite USA, LLC ("Ignite") responds to Pacific Market International, LLC's ("PMI") Additional Statement of Undisputed Material Facts[1] as follows:

A. **The Parties**

**MATERIAL FACT NO. 1.** *For each of the Accused Products, the back of the button compresses during use. (Ex. 23 - Stein Rebuttal Rpt. ¶¶ 86-87). Mr. Stein opined:*

(Id.)

> *Someone designing "a space to lower the pressure of vapor or gas" would not design such a space to compress during use. But in each of the Accused Products, that is exactly what happens – what Ignite refers to as a "vent chamber" is the inside of the button cavity that **compresses** as the user pushes the button inward.*

---

[1] Ignite submits that several statements of allegedly undisputed fact offered by PMI fail to provide a short and consist statement of an additional fact that PMI contends require the demand of summary judgment. Ignite has nonetheless endeavored to tailor its response in accordance with Local Rule 56.1(b)(3).

1

**RESPONSE**

Undisputed that Mr. Stein opined as stated in Paragraph 86 of his rebuttal report asserting non-infringement report. Disputed that such a statement was made in Paragraph 87 of his expert report. Further disputed in that the '442 Patent expressly teaches a vent chamber that "compresses" during use. More particularly, Figures 16 and 18 of the '442 Patent show the trigger 610 moving from the normal or closed position to the fully actuated or open position. As the trigger 610 is moved toward the vent aperture 682 to engage linkage member 800, the trigger seal 685 (which contacts the interior of the vent chamber 738) operates as an end wall for the vent chamber. That "end wall" 685 moves toward the vent aperture 682 as the trigger 610 is moved, which in turn "compresses" the size of the vent chamber. Thus, the vent chamber shown in Fig. 16 is a greater in dimension that that shown in Fig. 18. Colton Validity Report (R. 214-28) ¶ 174. Accordingly, Mr. Stein's opinion, that a POSITA would not design a "space to lower pressure of vapor or gas" to compress during use contradicts the express teaching of the '442 Patent. In fact, Mr. Stein's non-infringement opinion thus supports the non-obviousness of the claimed invention, as Mr. Stein opines that the POSITA would <u>not</u> be expected to construct, or at least be skeptical off, a vent chamber such as taught by the '442 Patent or employed by the accused products.

**MATERIAL FACT NO. 2.** *Dr. Colton opined in his Rebuttal Expert Report as follows:*

> *But it is incorrect to assume that if the ideal gas law applies to theoretically reduce the pressure because gas is flowing through any structure, that such structure meets the limitation of a "vent chamber" for lowering the pressure of vapor or gas as recited in the '442 patent. Rather, the structure of a vent chamber must remove energy from the*

> vapor or gas such as by providing an "expansion" area as described in
> the '442 patent. (Ex. 26 - Colton Rebuttal Rpt. ¶ 178).

**RESPONSE**

Undisputed that Dr. Colton stated as above. Disputed as incomplete. At Paragraph 178 of his rebuttal report (September 27, 2018), Dr. Colton further opined:

> In the hypothetical combination of Chaffin and Albert, I do not dispute that there could be some incidental or miniscule reduction of pressure reduction within the vent (or relief vent) passageway through which vapor or gas would flow when the device is initially opened. As explained in my Initial Expert Report dated August 16, 2018, I agree that the principles of the ideal gas law are applicable to such a drinking container. But it is incorrect to assume that if the ideal gas law applies to theoretically reduce the pressure because gas is flowing through any structure, that such a structure meets the limitation of a "vent chamber" for lowering the pressure of vapor or gas as recited in the '442 patent. Rather, the structure of a vent chamber must remove energy from the vapor or gas such as by providing an "expansion" area as described in the '442 patent. See Paragraphs 174–177 of my Initial Report for further explanation. For example, in Albert '758, the pressurized gas in the interior of the container is in a first state, when knob 96 is pressed to actuate plunger 76 "so as to permit initial movement of the relief valve 78 from its position around the enlarged opening 88 so that steam may be relieved," gas is able to flow through opening 88. That opening has some thickness—as shown in Figure 2 below—so that the volume the gas occupies before it exits the opening is increased. If the ideal gas law holds here, the pressure would be reduced proportionally to the volume increase. But it is undisputed that Albert '748 does not include a *vent chamber* as claimed in the '442 patent. The opening 88 through which the gas flows is merely the exit point for the relieved pressure.
>
> 
>
> See also, Dr. Troian vent chamber model, showing energy loss at the rapid expansion at the transition between "tube 1" and "tube 2." Troian Report, Ex. 7, p. 8 (R. 212-10 at 105) ("tube 1"

3

to "tube 2"). These corners in the vent chamber create an effect that results in the lowering of pressure in the vent chamber modeled by Dr. Troian. See e.g., Troian Depo. (R. 212-11) at 108:10 (Troian admits that corners create eddies or backflow); Ex. U, Netizel Depo at 19:14–20:3; Neitzel Report (R. 214-16) ¶¶ 19, 45; Ex. AA, Exhibit C to Netizel Report)

**MATERIAL FACT NO. 3.** *Mr. Stein did not expressly testify that there is "some lowering of pressure in the space identified by Ignite as the vent chamber" of the '442 Patent." (Ignite Br. 9). Stein opined that, as a result of friction, "practically all of the expansion of vapors leaving the fluid chamber in PMI's" Accused Products "occurs as the vapors flow through the so-called entrance aperture, with almost no expansion or corresponding pressure drop" occurring in the area directly behind the button. (Ex. 23 - Stein Rebuttal Rpt. ¶¶ 62-71).*

**RESPONSE**

Disputed. Mr. Stein testified as follows:

> Q. But you've not done -- you've not done any Boyle's calculations in this case; have you?
>
> A. Not in this case. But I have done Boyle's calculations for professional engineering exams, things like that.
>
> Q. Why -- there will be some pressure loss due to friction in a vent chamber constructed in accordance with the '442 patent; won't there?
>
> MR. MUFFO: Object to form.
>
> THE WITNESS: **Some**.

Stein Depo. Tr. (R. 214-26), 268:8–19. Thus, Mr. Stein testified that there would be at least "some" pressure loss due to friction in a vent chamber constructed in accordance with the '442 Patent and that he did no calculation to measure such a loss using Boyle's law (*i.e.*, $PV = nRT$).

4

**MATERIAL FACT NO. 4.** *Dr. Troian opined the Darcy-Weisbach equation is an empirical equation used to estimate approximate pressure loss that occurs for flow within a smooth or rough cylindrical pipe due to frictional losses caused by surface roughness and/or turbulence effects. (Ex. 27 - Troian Decl. ¶¶ 2-4). While the original equation assumes (a) incompressible flow, (b) steady state flow (not dependent on time), (c) fully developed flow (not dependent on the position along the flow path), (d) isothermal flow and (e) no work or energy inputs to or outputs from the system, forms of the Darcy-Weisbach equation is commonly used even in situations where the pipe is not circular in cross section or cylindrical about its entrance aperture. (Id.). The Darcy-Weisbach equation is also commonly used where the flow is not fully developed flow i.e., cases in which the local cross-sectional area, flow speed and pressure do vary with position. (Id.). Here, too, engineers often use Darcy-Weisbach as an approximation even when the fully developed flow condition is not met. (Id.).*

**RESPONSE**

Undisputed that Dr. Troian opined that Darcy-Weisbach is an empirical equation used to estimate the approximate "major loss"[2] (pressure loss) that occurs within a smooth or rough, straight and long cylindrical pipes due to frictional losses caused by surface roughness and/or turbulence effects. Further undisputed that Dr. Troian agreed with Dr. Colton that application of the Darcy-Weisbach equation to Bernoulli's energy equation, *inter alia,* requires: (1) incompressible flow; (2) steady stale flow; and (3) fully developed flow. *Compare* Troian Decl. in Support of Opp'n to Ignite MSJ (R. 214-29) ¶ 2, *with* Colton Decl. in Support of Ignite's [Original, December 2018] Motion for Summary Judgment (R. 212-13) ¶ 9; see also

---

[2] Dr. Troian also opined that the Darcy-Weisbach equation included "minor losses," pressure losses from frictional effects caused by pipe flow entrance and exit effects. Troian Report (R. 212-10) ¶ 9.

5

Ex. BB, Troian Depo., 114:24-115:6 (Troian agrees that the Bernoulli equation requires at least an incompressible flow and a steady state flow). Further undisputed that Dr. Troian opined that an "extended form" of the Darcy-Weisbach equation can be used to estimate pressure loss from frictional effects where the flow path confirms segments with different cross-sectional areas or where the pipe is not circular in cross-section or cylindrical about its entrance aperture, which leads to speed and flow pressures that vary with position along the path.

Disputed as incomplete in that Dr. Troian expressly testified that she did not attempt to calculate or model a vent chamber in accordance with either the '442 Patent or any accused products. Troian Report (R. 212-10) ¶¶ 4–17; Troian Depo., May 9, 2019 (R. 214-27) at 60, 86–87. Rather, her simulation is of a so-called "toy model" that is not reflective of either. Neitzel Report (R. 214-16) ¶¶ 31, 36.

**MATERIAL FACT NO. 5.** *There are many versions of the Bernoulli equation depending on the assumptions used. While Dr. Colton used the simplest version, Dr. Troian used a more generalized version of the Bernoulli equation. (Id. at ¶¶ 6-8). Dr. Colton used the equation*

$$P_1 + \tfrac{1}{2}\rho v_1^2 + \rho g h_1 = P_2 + \tfrac{1}{2}\rho v_2^2 + \rho g h_2$$

*density of the fluid, v represents the velocity of the fluid, g represents the gravity constant, and h represents the height of the fluid. (Ex. 26 - Colton Rebuttal Rpt. ¶ 121). Dr. Troian opined that this is one of the simplest forms of the Bernoulli equation. (Ex. 27 - Troian Decl. ¶ 6). Dr. Troian used a form of the Bernoulli's equation $P2 + KE_2^{EL} = P_1 + KE_1^{EL} - K^{(1 \to 2)}$, where P represents the pressure at two separate points along a distance, KE represents the kinetic energy per unit volume, and $K^{(1 \to 2)}$ represents frictional or minor losses in kinetic energy incurred in traversing the distance from "1" to "2". (Ex. 9 - Troian Rpt. ¶ 10; Ex. 27 - Troian Decl. ¶ 7).*

**RESPONSE**

Undisputed that Dr. Troian agreed with Dr. Colton that the Bernoulli equation requires (1) incompressible flow, (2) steady stale flow, (3) fully developed flow, (4) frictionless flow, and (5) no work or energy inputs to or outputs from the system. Troian Decl. in Support of Opp'n to Ignite MSJ (R. 214-29) ¶ 2. Further undisputed that Dr. Troian opined that the Bernoulli equation is nonetheless used "to place upper or lower bounds on flow speeds on flow pressures in situations where such restrictions do not strictly hold or in situations where computer simulations are not over/able." *Id.* ¶ 8. Disputed that Dr. Colton utilized "the simplest" version of the Bernoulli equation, Colton Decl. in Support of Ignite's [Original, December 2018] Motion for Summary Judgment (R. 212-13) ¶¶ 3-10, but rather, he demonstrated that the Darcy-Weisbach equation is not applicable, *id.* ¶ 21.

**MATERIAL FACT NO. 6.** *Dr. Neitzel used a form of the Bernoulli's equation in his analysis. (Ex. 14 - Neitzel Rpt. ¶ 14). Dr. Troian opined that the equation used by Dr. Colton is mathematically the same equation as that used by Dr. Troian. (Ex. 27 - Troian Decl. ¶ 7).*

**RESPONSE**

Disputed. Dr. Neitzel responded to Dr. Troian's use of the Bernoulli equation, and opined that the Bernoulli equation was not appropriate in this case. Dr. Neitzel stated:

> Bernoulli's Equation is the integral of the momentum equation along an instantaneous streamline in a flow with no losses. The most familiar (and often misused) form is $p + \frac{1}{2}\rho v^2 + \rho g z =$ a constant along a streamline, where $p$ is the pressure, as before, $v$ is the fluid speed, $\rho$ is the fluid density, $g$ is the gravitational acceleration constant and $z$ is the vertical height above some datum reference point. The impediment to application of this equation to the flow of hot vapor through a vent chamber as taught by the '442 Patent is the requirement that the flow have "no losses," which is clearly not the case.

Neitzel Report (R. 214-16) ¶ 14. Further disputed that Dr. Troian opined that the equation used by Dr. Colton is mathematically the same equation as that used by Dr. Colton. To the

7

contrary, Dr. Troian opined that she used the same equation as Dr. Neitzel. Troian Decl. in Support of Opp'n to Ignite MSJ (R. 214-29) ¶ 7. But, as shown above, Dr. Neitzel further opined (as conceded by Dr. Troian) that the Darcy-Weisbach equation was inapplicable due to lack of a fully developed flow. *See id.* ¶ 7; Neitzel Report (R. 214-16) ¶ 22 (referencing Dr. Troian's simulation of an "Elongated three-tube model of the vent chamber of the '442 Patent").

**MATERIAL FACT NO. 7.** *The simplest form of the Bernoulli equation used by Dr. Colton and as described by Dr. Neitzel in more detail assumes (a) incompressible flow, (b) steady state flow, (c) fully developed flow, (d) frictionless flow, and (e) no work or energy inputs to or outputs from the system. (Id. at ¶ 8). However, Dr. Troian opined that, since the Bernoulli equation is often used just to obtain estimates of the local pressure or local speed, it is typically used by engineers even when the restrictions (a) - (e) do not strictly hold. (Id).*

**RESPONSE**

Undisputed that the Bernoulli equation requires (a) incompressible flow; (b) steady stale flow; (c) fully developed flow; (d) frictionless flow; and (e) no work or energy inputs to or outputs from the system. Colton Decl. in Support of Ignite's [Original, December 2018] Motion for Summary Judgment (R. 212-13) ¶ 9. Undisputed that Dr. Troian stated her opinion in Paragraph 7 of her declaration. Otherwise disputed. Dr. Troian herself testified that her simulations did not model either the '442 Patent or the accused PMI products. *See* Response to MATERIAL FACT NO. 4, above. In further response, Ignite incorporates herein by reference its response to that statement. Dr. Troian's simulations merely confirmed Bernoulli's equation. Troian Report (R. 212-10) ¶¶ 13-16; Troian Report (R. 212-10) ¶¶ 3-4. Such a simulation fails

to provide applicable results or confirm Dr. Troian's "estimates and general conclusions" regarding the '442 Patent and/or the accused PMI products.

**MATERIAL FACT NO. 8.** *The form of the Bernoulli equation that Dr. Troian used is often used by engineers to approximate upper or lower bounds on flow speeds or flow pressures in simulations when restrictions (a) – (e) do not strictly hold or in situations when computer simulations are not available. (Ex. 27 - Troian Decl. ¶ 8; Ex. 9 - Troian Rpt. ¶ 10). Regardless, Dr. Troian ran simulations to conclude that her analysis was correct despite restrictions (a) – (e) not being strictly met. (Id. at ¶¶ 5-8).*

**RESPONSE**

Undisputed that Dr. Troian opined that the Bernoulli equation is used by engineers to place upper bands or flow speeds or flow pressures in situations when the restrictions (a) – (e) do not strictly hold or in situations where computer simulations are not available. Otherwise, disputed. *See* Response to MATERIAL FACT NOS. 6–7, above. However, disputed that Dr. Troian ran simulations by which to conclude that her analysis was correct. Rather, the simulations run by Dr. Troian were directed to a "toy model" that merely assumed "small-large-small" tube arrangement that did not reflect or model either the '442 Patent vent chamber or any accused vent chamber. Troian Depo., May 9, 2019 (R. 212-12) at 86:21–87:7, 88:7–17. As such, Dr. Troian at most merely demonstrated that Bernoulli's equation applied to her toy model that was not, by her own admission, intended to represent either the '442 Patent or the accused products. *See* Response to MATERIAL FACT NO. 4, above.

Dated: November 25, 2019     IGNITE USA, LLC
                                             By: /s/ Stephen M. Schaetzel

Stephen M. Schaetzel (pro hac vice)
GA Bar No. 628653
Warren J. Thomas (pro hac vice)
GA Bar No. 164714
MEUNIER CARLIN & CURFMAN LLC
999 Peachtree Street, NE, Suite 1300
Atlanta, Georgia 30309
Phone: 404-645-7700
Fax: 404-645-7707
sschaetzel@mcciplaw.com
wthomas@mcciplaw.com

Jonathan M. Cyrluk (ARDC No. 6210250)
Joshua S. Goldberg (ARDC No. 6277541)
Steven C. Moeller (ARDC No. 6290263)
CARPENTER LIPPS & LELAND LLP
180 North LaSalle Street, Suite 2640
Chicago, Illinois 60601
Phone: 312-777-4300 – telephone
Fax: 312-777-4839 – facsimile
cyrluk@carpenterlipps.com
goldberg@carpenterlipps.com
moeller@carpenterlipps.com

*Counsel for Plaintiff, Ignite USA, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that, on November 25, 2019, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record, and I served the document on counsel of record via email as well.

By: /s/ Stephen M. Schaetzel
One of the Attorneys for Plaintiff Ignite USA, LLC